## MOSES *v.* LAWRENCE COUNTY BANK.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA.

No. 166. Submitted March 23, 1893. — Decided May 10, 1893.

Under a statute of frauds which requires the consideration of a promise to answer for the debt of another to be expressed in writing, a guaranty by a third person of the payment of a negotiable promissory note need not itself express any consideration, if written upon the note before it is delivered and first takes effect as a contract; but must, if written afterwards.

A negotiable promissory note, even if not purporting to be "for value received," imports a consideration; and the endorsement of such a note is itself *prima facie* evidence of having been made for value.

A promissory note payable to the maker's own order first takes effect as a contract upon endorsement and delivery by him.

The statute of frauds of a State, even as applied to commercial instruments, is a rule of decision in the courts of the United States.

THIS was an action, brought April 16, 1888, by a national bank, organized under the acts of Congress, and doing business in and a citizen of Pennsylvania, against six persons, citizens of Alabama and residing in the Middle District of Alabama, to recover· the amount due on a guaranty of a promissory note.

The complaint alleged that, on August 15, 1887, the Sheffield Furnace Company, an Alabama corporation, made a promissory note for $12,111.51, payable to its own order four months after date at the banking house of Moses Brothers, in Montgomery; that contemporaneously with the making of the note, and before its delivery or negotiation, and in order to give it credit and currency, its payment at maturity was guaranteed by the defendants, for a valuable consideration, · by an endorsement in writing on the note in these words, "We hereby guarantee the payment of the note at maturity," signed by the defendants, and which was intended by them to induce, and which in fact induced, James P. Witherow and

all others to whom the note and guaranty were offered for negotiation and sale, to take the note and guaranty and to give value therefor; that the note, with the guaranty thereon, was before its maturity duly endorsed for value by the Sheffield Furnace Company to the order of Witherow; that afterwards, and before the maturity of the note and guaranty, Witherow endorsed the note, guaranteed as aforesaid, to the plaintiff for value; that afterwards, and before the maturity of the note and guaranty, the defendants endorsed in writing on the note their waiver of protest and notice; that the note was not paid at maturity, and that the note and guaranty remained unpaid and the property of the plaintiff.

The defendant pleaded twelve pleas, of which the only ones material to be stated were as follows:

Fourth. That the guaranty sued on was a special promise to answer for the debt of another, and did not express any consideration for the promise.

Fifth. That the note was given by the Sheffield Furnace Company for a debt owing to Witherow before it was made, and was not founded upon a consideration paid or liability accrued at the time of the making thereof, and the guaranty was without any consideration.

Eighth. That the Sheffield Furnace Company paid the debt sued on to Witherow before this action was commenced.

Twelfth. That the guaranty sued on was a special promise to answer for the debt of another, and did not express any consideration therefor, and was not executed contemporaneously with, nor before the negotiation of, the note of which it guaranteed the payment.

The plaintiff demurred to the fourth and fifth pleas, because they did not deny that the defendants endorsed the guaranty upon the note contemporaneously with its execution and before any negotiation thereof; and also demurred to these pleas, as well as to the twelfth, because they did not deny that the defendants endorsed the guaranty upon the note before its negotiation to the plaintiff and in order to give it credit and currency, nor allege that the plaintiff had notice of any want of consideration for the guaranty.

To the eighth plea, a replication was filed, alleging that the plaintiff became the owner of the note for a valuable consideration before maturity, and that no part thereof had ever been paid to the plaintiff, or to any one authorized by the plaintiff to receive it. To this replication the defendant demurred.

The court sustained the demurrers to the pleas, and overruled the demurrer to the replication.

Issue was then joined on the eighth plea and the replication thereto; and a trial by jury was had upon that issue, at which the plaintiff gave in evidence the note, purporting to be "for value received," and the following endorsements thereon, in the order in which they appeared upon the note: 1st. "Pay to the order of J. P. Witherow," signed by the Sheffield Furnace Company. 2d. An endorsement in blank by Witherow. 3d. "We hereby guarantee the payment of this note at maturity," signed by the defendants. 4th. Another blank endorsement by Witherow under the guaranty. No other evidence was introduced. Thereupon the court instructed the jury to render a verdict for the plaintiff for the amount sued for, with interest; a verdict was returned accordingly; and the defendant, having duly excepted to the evidence and to the instruction, tendered a bill of exceptions and sued out this writ of error.

*Mr. John D. Roquemore* and *Mr. J. N. Arrington*, for plaintiffs in error, submitted on their brief.

*Mr. J. M. White* and *Mr. W. E. Gunter* filed a supplemental brief for plaintiffs in error.

*Mr. Henry B. Tompkins*, for defendant in error, submitted on his brief and supplemental brief, in which it was contended:

This suit is governed by the general commercial law, irrespective of what may be the statute law or the decisions of the courts in Alabama. *Swift* v. *Tyson*, 16 Pet. 1; *Oates* v. *National Bank*, 100 U. S. 239; *Railroad Co.* v. *National Bank*, 102 U. S. 14; *Pana* v. *Bowler*, 107 U. S. 529, 541.

In the case of *Davis* v. *Wells*, 104 U. S. 159, 169, the court say : "It has always been held in this court that, notwithstanding the contract of guaranty is the obligation of a surety, it is to be construed as a mercantile instrument in furtherance of its spirit and liberally to promote the use and convenience of commercial intercourse."

There is doubtless a conflict of authority as to whether or not a guaranty endorsed upon a promissory note in the form of the one now under consideration passes by assignment of the original obligation, and is negotiable under commercial law. The weight as well as the impⁿtance of the authorities is in favor of the negotiability of such guaranty. *McLaren* v. *Watson*, 26 Wend. 425 ; *White* v. *Howland*, 9 Mass. 314 ; *S. C.* 6 Am. Dec. 71 ; *Coleman* v. *Fuller*, 105 N. C. 328 ; *Partridge* v. *Davis*, 20 Vermont, 499 ; *Killian* v. *Ashley*, 24 Arkansas, 511 ; *S. C.* 91 Am. Dec. 519 ; *Studabaker* v. *Cody*, 54 Indiana, 586 ; *Ketchell* v. *Burns*, 24 Wend. 456 ; *Jones* v. *Berryhill*, 25 Iowa, 289 ; *Nevius* v. *Bank of Lansingburg*, 10 Michigan, 547 ; *Everson* v. *Gere*, 40 Hun, 248 ; *Toppan* v. *Cleveland &c. Railroad*, 1 Flip. 74 ; *Hall* v. *Smith*, 21 How. 283.

Independently of all this, it is contended by counsel for defendant in error that the action of the court in sustaining the demurrers to the pleas was right for another and independent reason.

The plea of the general issue, as shown in the original brief, was, under the laws of Alabama, filed in this cause ; and by the law of Alabama, as well as by the common law, all the defences set up by the plaintiffs in error in their special pleas they could have availed themselves of under plea of the general issue, except possibly the plea of payment set forth in the eighth plea, which was not demurred to.

In Alabama the plea of general issue is a mere general denial of the allegations of the complaint, without offering any special matter of defence. It casts on the plaintiff the onus of proving every material allegation of the complaint, and limits the defence to evidence in disproof of such material allegations. *Petty* v. *Dill*, 53 Alabama, 641, 645.

The whole question before the court was whether or no the

instrument sued upon, taken altogether, constituted a good and binding guaranty in favor of the assignee of Witherow against those signing the guaranty. That these guarantors were bound to pay the money at maturity, see the following authorities: *Richter* v. *Frank*, 41 Fed. Rep. 859; *Davis* v. *Wells*, 104 U. S. 159, 166, 169; *Davis Sewing Machine Co.* v. *Richards*, 115 U. S. 524, 527; *Louisville Manufacturing Co.* v. *Welch*, 10 How. 461, 475; *Wiles* v. *Savage*, 1 Story, 22; *Lawrence* v. *McCalmont*, 2 How. 426, 452; *Hall* v. *Weaver*, 34 Fed. Rep. 104, 108.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

By the statute of frauds of Alabama, a special promise to answer for the debt, default or miscarriage of another is void, "unless such agreement, or some note or memorandum thereof, expressing the consideration," is in writing, and subscribed by or in behalf of the party to be charged. Alabama Code of 1887, § 1732. The words "value received," or acknowledging the receipt of one dollar, sufficiently express a consideration. *Neal* v. *Smith*, 5 Alabama, 568; *Bolling* v. *Munchus*, 65 Alabama, 558.

Every negotiable promissory note, even if not purporting to be "for value received," imports a consideration. *Mandeville* v. *Welch*, 5 Wheat. 277; *Page* v. *Bank of Alexandria*, 7 Wheat. 35; *Townsend* v. *Derby*, 3 Met. 363. And the endorsement of such a note is itself *prima facie* evidence of having been made for value. *Riddle* v. *Mandeville*, 5 Cranch, 322, 332.

The promissory note, in the case at bar, having been made payable to the maker's own order, first took effect as a contract upon its endorsement and delivery by the maker, the Sheffield Furnace Company, to Witherow, the first taker. *Lea* v. *Branch Bank*, 8 Porter, 119; *Little* v. *Rogers*, 1 Met. 108; *Hooper* v. *Williams*, 2 Exch. 13; *Brown* v. *De Winton*, 6 C. B. 336.

A guaranty of the payment of a negotiable promissory

note, written by a third person upon the note before its delivery, requires no other consideration to support it, and need express none other, (even where the law requires the consideration of the guaranty to be expressed in writing,) than the consideration which the note upon its face implies to have passed between the original parties. *Leonard* v. *Vredenburgh,* 8 Johns. 29 ; *D'Wolf* v. *Rabaud,* 1 Pet. 476, 501, 502 ; *Nelson* v. *Boynton,* 3 Met. 396, 400, 401; *Bickford* v. *Gibbs,* 8 Cush. 154 ; *Nabb* v. *Koontz,* 17 Maryland, 283 ; *Parkhurst* v. *Vail,* 73 Illinois, 343.

The demurrers to the fourth and fifth pleas, therefore, were rightly sustained.

But a guaranty written upon a promissory note, after the note has been delivered and taken effect as a contract, requires a distinct consideration to support it; and if such a guaranty does not express any consideration, it is void, where the statute of frauds, as in Alabama, requires the consideration to be expressed in writing. *Leonard* v. *Vredenburgh,* and other cases, above cited ; *Rigby* v. *Norwood,* 34 Alabama, 129.

The demurrer to the twelfth plea, therefore, should have been overruled, and judgment rendered thereon for the defendant, unless the court saw fit to permit the plaintiff to file a replication to that plea.

It was argued on behalf of the original plaintiff that the validity and effect of the guaranty must be governed by the general commercial law, without regard to any statute of Alabama. But there can be no doubt that the statute of frauds, even as applied to commercial instruments, is such a law of the State as has been declared by Congress to be a rule of decision in the courts of the United States. Act of September 24, 1789, c. 20, § 34, 1 Stat. 92 ; Rev. Stat. § 721; *Mandeville* v. *Riddle,* 1 Cranch, 290, and 5 Cranch, 322 ; *D'Wolf* v. *Rabaud,* 1 Pet. 476 ; *Kirkman* v. *Hamilton,* 6 Pet. 20 ; *Brashear* v. *West,* 7 Pet. 608 ; *Paine* v. *Central Vermont Railroad,* 118 U. S. 152, 161.

It was also contended that the order sustaining the demurrers, if erroneous, did not prejudice the defendant, because he might have availed himself of the defence of the statute of

frauds under the general issue. That might have been true, if he had pleaded the general issue. *Kannady* v. *Lambert,* 37 Alabama, 57; *Pollak* v. *Brush Electric Association,* 128 U. S. 446. But he did not plead it, and had the right to rely on his special pleas only. Alabama Code, § 2675.

The suggestion of counsel, that by the practice in Alabama the entry of an appearance of counsel for the defendant was equivalent to filing a plea of the general issue, is too novel to be accepted without proof, and seems inconsistent with *Grigg* v. *Gilmer,* 54 Alabama, 425. If the record did not show what the pleadings were, it might be presumed that the general issue was pleaded. *May* v. *Sharp,* 49 Alabama, 140; *Hatchett* v. *Molton,* 76 Alabama, 410. But in this case twelve pleas are set forth in the record, and it cannot be assumed that there was any other.

The eighth plea was payment. The defendant introduced no evidence to support this plea, and has, therefore, no ground of exception to the rulings and instruction at the trial of the issue joined thereon.

But the erroneous ruling on the demurrer to the twelfth plea requires the

*Judgment to be reversed, and the case remanded to the Circuit Court for further proceedings in conformity with this opinion.*