BANK OF WINONA *v.* M. T. WOFFORD ET AL.

NOTE.   *Maker's order.   Indorsement.   Purchaser.   Defense.   Code* 1892, § 3503.

> A note payable to the maker's order, and by him indorsed in blank before
> delivery, is, in effect, payable to bearer, and therefore, not being subject
> to our anti-commercial statute, § 3503, code 1892, no defense existing
> between the original parties can be set up as against a holder who ac-
> quires the note in good faith, for value, before maturity.

FROM the circuit court of Webster county.

HON. C. H. CAMPBELL, Judge.

Action by appellant, the Bank of Winona, to recover of
the appellees, M. T. Wofford, H. H. Womack and A. P. Mag-
ness, on a promissory note.   The note was made by defend-
ants, payable to the order of themselves, and by them in-
dorsed in blank, and delivered to the Webster Bank, in con-
sideration of a loan of money.   Before maturity of the note
it was indorsed by said bank, and acquired in good faith,
and for value, by appellant.   The makers of the note
pleaded, and offered evidence to show, that before notice to
them that the Webster Bank had parted with the title to the
note, they had paid it the sum of two hundred dollars to be
credited thereon; and, further, that a part of the sum de-
manded represented usurious interest on the note.   Objec-
tion was made to this evidence on the ground that, as the
note was payable to the order of the makers themselves, and
by them indorsed before delivery, it was as though payable
to bearer, and therefore not subject to our anti-commercial
statute, § 3503, code 1892, which allows to the maker of a
note or other writing for the payment of money, as against an
assignee, any defenses had or existing before notice of the as-
signment.   The objection to the evidence was overruled, and
the court, before which, by consent, the case was tried with-

out a jury, sustained said defenses and gave judgment accordingly, from which plaintiff appeals.

*Sweatman, Trotter & Knox*, for appellant.

Until its indorsement by the makers, the note was nothing. The indorsement and delivery breathed life into it, and it then became in all respects a note payable to bearer, and passed by delivery. It was therefore not subject to our anti-commercial statute. See Tiedeman on Com. Paper, § 20, note 2; 3 Hill, 114; *Craig* v. *Vicksburg*, 31 Miss., 216.

No counsel for appellees.

CAMPBELL, C. J., delivered the opinion of the court.

It has long been the settled doctrine of this court that a promissory note or bill of exchange, which passes by mere delivery, and does not require assignment to confer title to it, but as to which the holder derives title independently of indorsement and by the very terms of the express contract which the maker has issued to the world, is not within the scope and effect of our anti-commercial statute, and that no defense existing between the original parties can be set up in bar of a recovery by one who acquired the paper in good faith, for value, before maturity. *Craig* v. *Vicksburg*, 31 Miss., 216; *Stokes* v. *Winslow, Ib.*, 518; *Mercien* v. *Cotton*, 34 *Ib.*, 64; *Holman* v. *Ringo*, 36 *Ib.*, 690; *Winstead* v. *Davis*, 40 *Ib.*, 785.

The application of the doctrine has been to paper payable in terms to bearer, but a note payable to the order of the maker, and indorsed by him, is, when it comes into being as an enforcible contract, payable to bearer, although not so expressed. It is nothing until indorsed and delivered, and then it is payable to bearer, and transferable by delivery, and all the reasoning applicable to instruments payable to bearer applies in full force to it. It follows that both are on the same footing, and subject to the same rules. Daniel on Neg.

Inst., §§ 143, 693; Tiedeman on Com. Pap., § 20; Randolph on Com. Pap., § 153; *Moses* v. *Bank*, 149 U. S., 298.

There is no magic in the word "bearer." A contract to pay to bearer is held not to be within the statute referred to, because it embraces only instruments having a payee and requiring assignment to pass title. Therefore, an instrument which, by its terms, is a promise to pay whoever may bear it, even though the word bearer is not in it, must be of the same effect, because of the same nature. It follows that the defense held good by the circuit court is not maintainable.

*Reversed, and remanded for a new trial.*