### SCHOFIELD v. PYRON. (No. 8848.)*

(Court of Civil Appeals of Texas. Dallas. Dec. 8, 1923. Rehearing Denied Jan. 12, 1924.)

Frauds, statute of ⬥131(1)—Consideration held within statute of frauds, and not subject to oral modification.

A contract for sale of real estate, whereby purchaser agreed to pay $23,000 cash, execute vendor's lien notes for the balance, and obtain a loan of $20,000 on the land, from part of which an existing incumbrance was to be paid, *held* to contemplate execution of deed of trust for the loan, and hence, as the consideration was within the statute of frauds, it could not be modified orally, to provide that vendor was to secure a loan, which purchaser agreed to assume and pay.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Frank Schofield against C. W. Pyron. A demurrer to the petition was sustained, and the suit dismissed, from which plaintiff appeals. Affirmed.

Frazier & Averitte, of Hillsboro, for appellant.

Wear, Wood & Wear, of Hillsboro, for appellee.

JONES, C. J. On February 9, 1920, appellant and appellee entered into a written contract, by the terms of which appellant agreed to sell and appellee agreed to purchase a tract of land in Hill county of approximately 229 acres at $200 per acre, the exact amount of land to be determined by survey. The purchase of the land was to be consummated of date January 1, 1921, and appellant was to have all the income and rent on said property for the year 1920, as well as to pay all taxes with which the land was charged for said year. The contract is very specific as to terms and as to the manner in which the consideration was to be paid. That portion of the contract reciting the consideration is as follows:

"Second party agrees to purchase said land from said first party, and to pay for same the sum of two hundred ($200.00) dollars per acre, as follows: $23,000.00 cash on or before January 1, 1921, assume a loan of $12,000.00 due April 1, 1921, now on said land, and for the balance of the consideration, to be determined by actual survey of land hereinafter mentioned, said second party is to execute to said first party his three (3) equal vendor's lien notes against said land, bearing interest at 8 per cent. per annum, payable annually, due on or before January 1, 1922, 1923, and 1924, respectively. It is understood that the $23,000.00 cash called for herein to be paid by said second party on January 1, 1921, is to be obtained by a loan of $20,000.00 on said land, out of which said $20,000.00 new loan the $12,000.00 loan now on said land is to be paid and the balance of $8,000.00, and $15,000.00 cash to be raised by said second party, shall constitute the $23,-000.00 cash consideration. In the event said second party fails after due diligence to obtain said $20,000.00 loan, it is understood and agreed that the total consideration to be paid January 1, 1921, shall be $15,000.00 and the difference to be made up by one note for $8,000.00 due January 1, 1921, which it is understood shall be extended to be due on or before January 1, 1925. Said $8,000.00 note to have attached as collateral one certain vendor's lien note for the sum of $8,150.00, signed by Guy S. Perry and Mary E. Perry, payable to said second party, secured by vendor's lien on 518 acres of the Eldridge Hopkins 738-acre survey in Tarrant county, Texas, about 14 miles north of the Tarrant county courthouse. Said $8,150.00 note to be a forfeit note, and delivered back to said party upon the compliance with the terms of this contract."

Soon after entering into the said written contract, appellee informed appellant that it would be impossible for him to perform his contract under its terms in respect to the manner in which the consideration was to be paid by him, and that he would be unable to take the land and pay the consideration in the manner and form in which he had bound and obligated himself to pay for the same. However, if appellant would consent to certain changes in the manner and form of the payment of the consideration, he would be able to carry out his obligation to purchase the land. Appellee informed appellant that he would be unable to procure the loan of $20,000 on said land, as he had obligated himself to do in the contract, and that it would be impossible for him to procure any loan in any sum whatsoever on said land until the title thereto should pass from appellant and be placed in appellee, and that under the terms of said contract such change in the title could not be made until appellee had

*Writ of error refused March 5, 1924.

secured the said $20,000 in the manner provided by the contract. Appellee also informed appellant that $17,200 was the largest sum for which a loan could be secured on the land in any event, and that this loan could only be secured by appellant, and, if appellant would consent to place said loan on the land, appellee would assume same and use the money thus secured in discharging the consideration in the manner expressed by the written contract, except the amount to be paid in cash would be lessened to the extent that the loan so to be secured was less than the loan contracted to be secured, and that the notes for deferred payments would be increased in a corresponding amount.

The result of these negotiations between appellant and appellee subsequent to the execution of the said written contract, was the making of a verbal modification of the written contract, in respect to the consideration, to the effect that appellant was to secure the loan for $17,200 against the land, and appellee was to pay $10,000 in cash, assume the indebtedness represented by said loan of $17,200, and execute four notes, one for $5,000, maturing October 1, 1921, two for $4,541.35 each, maturing January 1, 1923, and January 1, 1924, and one for $4,541.30, maturing January 1, 1925, each to be a vendor's lien on the land, and each bearing 8 per cent. interest from January 1, 1921. No part of this oral agreement to modify the original contract was expressed in writing. Appellant procured the loan of $17,200 on his said land from the John Hancock Mutual Life Insurance Company, of Boston, Mass., of date December 10, 1920, and executed a deed of trust on the land in favor of Frank R. Robinson, as trustee. Appellee deposited the vendor's lien note on the Tarrant county land mentioned in the contract with the First State Bank of Hillsboro, Tex., said note to be used as provided for in said written contract. Appellant joined by his wife, on the 20th day of December, 1920, duly executed a deed to the land described in said written contract, naming the consideration under the agreed oral modification of the contract, and not under the terms provided for the consideration in the written contract, and tendered same at the proper time to appellee, who declined to accept the deed, and declined to consummate the contract as orally modified for the sale of the land. In June, 1921, appellant, unable to induce appellee to consummate the deal for the land, sold same for $135 per acre, which was its highest market price.

With the above and foregoing facts as a basis, appellant filed his suit against appellee in the district court of Hill county, seeking to recover damages in a sum representing the difference in the contract price of $200 an acre and the price for which he sold the land of $135 per acre, alleging that the land was sold for the highest market price obtainable, and also made the First State Bank of Hillsboro a party, seeking a decree of court requiring it to deliver to him the said vendor's lien note for $8,150 on the Tarrant county land. Appellant based his suit for damages solely on the written contract as orally modified. The said written contract was attached as an exhibit to the petition and made a part of it, and the deed executed by appellant and his wife to appellee was also attached to the petition as an exhibit and made a part of the petition. The effect of appellant's allegations was to show an abandonment of all that portion of the written contract which expressed the manner and form of the consideration, and to substitute therefor the oral agreement as to this consideration, as reflected by the consideration expressed in the attached deed. There was, however, a plea of estoppel urged against appellee in the petition, because he had caused and permitted appellant to incumber his land to the extent of $17,200, as reflected by the deed of trust executed in favor of the above named insurance company. Appellee answered by general demurrer, various special exceptions, and a specific plea in answer to some of the allegations made by appellant. The trial court sustained the general demurrer and all those special exceptions which specifically challenged the right of appellant to maintain the suit, because such suit came within the provisions of the statutes of fraud. On appellant's declining to amend, his suit was dismissed, and an appeal duly perfected to this court.

The controlling question on this appeal is whether the parol modification of the contract was within the statute of frauds. The modification deals solely with the consideration, but in this respect there is a complete change, except as to the total amount of said consideration, which is the same in the modified contract as in the original contract. An examination of that clause in the contract setting out the consideration, as is copied above, discloses that the agreement comprehended a loan of $20,000 to be secured by appellee on the land. It is necessarily implied that this carried with it the execution of all instruments which might be required to complete such a loan transaction. It is clear that it was not to be by the mere execution, delivery, and transfer of a vendor's lien note given by the purchaser to the seller, but must be consummated by the making of an independent note and the execution of a deed of trust creating a lien on the land to secure this amount of the purchase money. The vendor's lien notes described in the contract create a lien independent of the one to be created to secure this $20,000 loan. The consideration, therefore, is itself within the statute of frauds. This precise question has recently been decided by the Commission of Appeals in an opinion by McLendon, the then Presiding Judge of section B

of said Commission. The case is styled Kistler et al. v. Latham et al., 255 S. W. 985, and the opinion was rendered November 28, 1923, and is not yet officially reported. The same doctrine is also announced in Castro v. Illies, 13 Tex. 229, and Boehl v. Wadgymar, 54 Tex. 593.

In the reported case the contract was for the sale by Kistler and purchase by Latham et al. of an oil and gas lease on 10 acres of land. The consideration to be paid by Latham and others was $40,000, $10,000 of which was to be in cash, and the balance represented by three notes for $10,000 each. These notes were to be secured by deed of trust upon the oil and gas lease, and, in addition, upon two sections of land. It was expressly stipulated in the contract that this land "shall be free from any and all incumbrances, and the title good in W. H. Latham and C. W. Delp. This information shall be furnished to parties of the first part before the delivery of assignment as herein provided." The transfer of the lease was to be made within five days from the date of the contract. It appears that one of the sections of land was incumbered to the extent of 97½ cents per acre, which amount was due the state for purchase money, and it was impossible for the owners to remove this incumbrance within the time limit provided in the contract. After the execution of the contract by the parties, the attention of the purchasers of the lease was called to this provision of the contract, and to the fact that the incumbrance could not be removed within a reasonable length of time. Whereupon it was verbally agreed between the contracting parties that the contract should be modified, so as to allow the incumbrance caused by the indebtedness to the state to remain against the land. After this agreement the owners of the land procured two certificates from the abstracter at some cost, showing the land otherwise free from incumbrances and good title in the owners. Those selling the lease, however, declined to execute the transfer. A suit for damages was instituted, and the defense made was that, because of the verbal modification, changing the consideration in a material respect, the contract came within the statute of frauds, and could furnish no basis either for a suit for specific performance or for damages for its breach. In reversing the Court of Civil Appeals for the Second Supreme Judicial District, which announced a contrary opinion, the Commission of Appeals (Kistler v. Latham, 255 S. W. 985) said:

"There is much force in the proposition that, where parties have reduced their entire agreement to writing, any subsequent modification of it, other than perhaps a mere extension of the time of performance, constitutes a new contract, and, if the subsequent modification rests in parol, then the entire contract rests in parol. In other words, an agreement to change the terms of a contract in some material respect is in effect the making of a new contract, the existence of which opens up for proof the question of the terms of the entire contract. This proposition seems to be sustained by authority, and we would be inclined to so hold if we deemed it essential to a determination of the case. The question, however, we think, is made unessential by the fact that the consideration of the contract was itself within the statute of frauds. It cannot be questioned but that, where the consideration for a contract comes within the statute of frauds, such consideration must be evidenced by a contract or memorandum in writing. The consideration in the present case was to give a deed of trust or mortgage upon two tracts of land. Our Supreme Court has held that such contract comes within the statute of frauds. Castro v. Illies, 13 Tex. 229; Boehl v. Wadgymar, 54 Tex. 593. It is clear that, if the consideration for the transfer of the lease had not been in writing, it could not be proved, and therefore the whole contract would be incapable of proof. This being true, it necessarily follows that, the consideration for the lease having been reduced to writing, it could not be modified by subsequent parol agreement, any more than could the contract to execute the transfer of the lease be so modified. It is therefore our view that the trial court correctly rendered judgment for the defendants."

As before stated, the reported case is decisive of this appeal, and the judgment of the lower court must be affirmed.

VAUGHAN, J., having been of counsel for appellee, did not sit in this case.