## PARRISH et al. v. HAYNES.
### No. 6434.

Circuit Court of Appeals, Fifth Circuit.
Dec. 14, 1932.

Rehearing Denied Jan. 17, 1933.

T. R. Boone and Walter H. Caldwell, both of Wichita Falls, Tex., for appellants.

Jno. E. Kilgore, of Wichita Falls, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

In the bankruptcy of L. E. and F. E. McConnell, W. F. Parrish filed a sworn proof of claim for rent in the sum of $13,959.45 principal, as secured by a landlord's lien under the laws of Texas and by a contract lien upon all goods that should be put on the leased premises. The trustee protested it, asserting that the rental of $1,200 per month due under the lease had been by agreement reduced to $600 beginning January 1, 1930, and that by a proper application of payments less than the whole amount still due was a secured debt. The referee sustained the position of the trustee. The District Court sustained the referee, and Parrish took an appeal in the usual form. An appeal as in equity was proper under Bankr. Act § 25, as amended (11 USCA § 48), and opens up questions both of law and fact.

It is undisputed that the leased premises in which the bankrupts did a mercantile business were sold by them to Parrish for $127,000, and, as an inducement to the sale and a part of it, the bankrupts entered into a written lease signed by all parties by which Parrish demised to them the premises "for a term of five years beginning the first day of February, 1928, and ending the 31st day of January, 1933, to be occupied as a furniture store and not otherwise, paying therefor the sum of $72,000.00, payable in sixty monthly instalments of $1,200.00 each," under stated conditions among which was this: "And the lessor shall have a lien as security for the rent aforesaid upon all the goods, wares, chattels, implements, fixtures, furniture, tools and other personal property which are or may be put on the demised premises." The lease does not appear to have been recorded. The rent fell behind in 1929. At some time later there began agitation for a reduction, and, on November 25th, 1930, L. E. McConnell prepared and gave to Parrish to be signed a paper reading thus: "Nov. 25, 1930. Wyatt Parrish, owner and lessor of the building located at 915–17–19 Indiana Avenue, Wichita Falls, Texas, and McConnell Brothers, (a firm composed of F. E. and L. E. McConnell), lessees, hereby agree that the monthly rental on said building is reduced to $600.00 and that the reduction shall apply as of Jan. 1st, 1930, and shall continue in force until an improvement in local business conditions justifies an increase in rent. No other changes are made in the lease contract and agreement now in force on said building. This agreement is substituted for the part of the present lease that provides for the payment of $1,200.00 rent per month." Parrish took the paper for consideration but never signed it. On January 7, 1931, to preserve his statutory lien he placed of record a claim of rent due of $759.45 balance for February, 1930, and

$1,200 for each month since. The voluntary bankruptcy took place during the same month. Coming to the dispute of fact, Parrish denies that he ever finally consented to the reduction, or that he was even asked for it before May, 1930. L. E. McConnell testifies that Parrish consented about January 20, 1930, but he is wholly uncorroborated even by his partner and by another brother who conducted the negotiations of November 25, 1930. Their bookkeeper testifies that the rent was not posted on the firm's books at either $1,200 or $600 per month during 1930. The overwhelming weight of the evidence is not that there had been a definite agreement to reduce made in January, 1930, but that there had not been any agreement reached up to November 25th. The language of the paper that L. E. McConnell himself wrote on that day favors that view. There is much evidence tending to show that Parrish never consented, and statements attributed to but denied by both bankrupts so late as January, 1931, that they were still paying $1,200 per month rent, but there is substantial evidence that Parrish on November 25, 1930, did agree to the reduction and only refused to sign the paper because it did not mention $4,200 in arrears prior to January 1, 1930. Taking that view of the facts, we regard the unsigned paper as the most reliable evidence as to the substance of the oral agreement. Is it unenforceable either for want of consideration or because of the statute of frauds?

The agreement has a double effect, first, to release one-half of the rent already due for eleven months of the year 1930, and, second, to reduce the rent yet to accrue. So far as concerns consideration, the lessees were fully bound to pay the arrears of rent mostly secured by a statutory lien, and to occupy at $1,200 per month for the remainder of the term. Neither obligation was in doubt or dispute. But it was urged by the lessees that they were financially unable to go forward, and would have to go into bankruptcy unless the rent were reduced. An agreement under these circumstances to reduce the rent in future we incline to think would have a consideration in the implied agreement of the lessees not to go into bankruptcy if the reduction were made, the lessor having a benefit in keeping the tenant at a less rent rather than a vacancy by the occurrence of bankruptcy. As to the back rent, which was a fully accrued undisputed debt, an agreement to take a less sum would be nudum pactum unless executed by full payment of the less sum so as to constitute an accord and satisfaction. Bradshaw v. Davis, 12 Tex. at page 346; 1 R. C. L., Accord and Satisfaction, §§ 15, 17. This did not occur. In so far as the implied promise not to go into bankruptcy might have extended as a consideration to the reduction of the past due rents it was wholly withdrawn by the taking of bankruptcy within a few weeks. We think, therefore, the claimed gift of $6,600 of the back rent is not legally enforceable.

In its effect upon the future of the lease the agreement falls before the statute of frauds. Made in Texas, affecting Texas land, and set up in a court in Texas, there can be no doubt that the Texas statute as construed by Texas courts controls. Moses v. Lawrence County Bank, 149 U. S. 298, 13 S. Ct. 900, 37 L. Ed. 743; Grafton v. Cummings, 99 U. S. 100, 25 L. Ed. 366. That statute requires a signed writing to make enforceable "any contract for the sale of real estate or the lease thereof for a longer term than one year." Rev. Stats. of 1925, § 3995 (4). The lease here in question had nearly two and one-half years to run in November, 1930. If, notwithstanding Dial v. Crain, 10 Tex. 444, and cases following it, a lease within the statute of frauds may be surrendered or canceled by parol, and thereupon a new lease not within the statute be entered into, we do not think the unsigned writing which we have regarded as the most reliable evidence of the substance of this agreement can be so construed. It does not purport to annul the lease but to amend it by substituting $600 for $1,200 as the monthly payment, with no other change to be made. While varying views have been expressed elsewhere touching the modification by parol of such leases (see 25 R. C. L., Statute of Frauds, §§ 352, 353; 27 C. J., Statute of Frauds, §§ 416, 418), and some conflict is claimed in the decisions of the Texas Courts of Appeal, we feel bound to follow those approved by the Supreme Court. In Beard v. Gooch, 62 Tex. Civ. App. 69, 130 S. W. 1022, a written lease for three years provided how wood to be removed from the land might be disposed of by the lessee. Parol proof of modification in respect of the wood was rejected. Gardner v. Sittig (Tex. Civ. App.) 188 S. W. 731, was a suit for rent on a written lease within the statute of frauds. A parol rescission of it was refused effect although the tenant, having moved out as he claimed by reason of it, lost the benefit of the occupancy. This decision of the Court of Appeals was approved by the Commission of Appeals and by the Supreme Court in Gardner v. Sittig, 222 S. W. 1090.

In Wafford v. Branch, 267 S. W. 260, the Commission of Appeals affirmed a Court of Appeals (254 S. W. 389) by an opinion which was approved by the Supreme Court. It was there held that, where a written lease for more than a year was terminable by the lessor for failure to pay rent, it was permissible to prove by parol that it was so terminated by him and a month-to-month tenancy at a less rent substituted; but if there was only an agreement in parol to reduce the amount of rent without abrogating the lease it would be ineffective, and the issue of fact was held one for the jury. We do not think there is room for such an issue of fact under the evidence in this case, and the law thus announced requires us to hold that the attempted parol modification of the lease for the future was ineffective. We see nothing to estop Parrish from asserting as a defense the statute of frauds. He got by the agreement very much less than he was entitled to without it. The payments thereafter made look indeed like voidable preferences which he may lose so far as they went to pay unsecured rent debts.

A wrong rule was followed in applying the payments made. The general law also recognized in Texas is that, absent any controlling contract or any opposing right of a third party, the debtor in making a payment may apply it; if he does not, the creditor may within a reasonable time apply it; if neither does, the law will apply it in general to the oldest debt or item of an account; Willis v. McIntyre, 70 Tex. 34, 7 S. W. 594, 8 Am. St. Rep. 574; Palm v. Johnson (Tex. Civ. App.) 255 S. W. 1007; and especially so when the older items are unsecured; Field v. Holland, 6 Cranch, 8, 3 L. Ed. 136; Delaware Dredging Co. v. Tucker Stevedoring Co. (C. C. A.) 25 F.(2d) 44. There was here by the words of the lease a single debt payable in monthly installments. There was no contract touching the application. It is testified that one payment of $1,200 was directed on the face of the check to the rent of the month in which it was paid. It must be so applied. No other payment was directed by the debtor. Parrish testifies, and it is not contradicted, that he entered each payment on his book at the time it was made opposite the oldest monthly charge, and so applied it. Whether he did or not, the law would put it there. The testimony that he objected to signing the writing of November 25, 1930, because it did not mention the $4,200 rent due for 1929 is insufficient to show that he had made any different application of the payments. If it referred to payments at all the statement is entirely consistent with no application having been made. We think, however, Parrish's mind was on the debtor items of his account, and that he meant to say nothing concerning an application of the credits.

We reverse the judgment, and direct that the account be restated without the claimed reduction in the rent, and that all credits be applied as herein indicated, and that such unpaid amounts as have a lien under the Texas law be allowed as a secured claim and the balance as unsecured.