George W. **ZELUFF** et ux., Appellants,

v.

C. J. Ivan **EKMAN** et al., Appellees.

No. 14477.

Court of Civil Appeals of Texas.

Houston.

Jan. 28, 1965.

Rehearing Denied Feb. 11, 1965.

Patterson, McDaniel, Moore & Browder, Houston, Louis M. Moore, Houston, of counsel, for appellants.

Grant Cook, Houston, Bracewell, Reynolds & Patterson, Houston, of counsel, for appellees.

WERLEIN, Justice.

Appellees, C. J. Ekman and wife, sued appellants, George W. Zeluff and wife, on an earnest money contract for forfeiture of $5,000.00 earnest money placed in escrow by appellants at the time the contract was executed. David Rolke, a real estate agent, intervened claiming one-half of the earnest money under the provisions of the contract. At the conclusion of the trial without a jury judgment was entered in favor of appellees and the intervenor.

At the request of appellants, the court made its findings of fact and conclusions of law. The court found in substance that the earnest money contract provided that appellants agreed to purchase from appellees and appellees agreed to sell to appellants upon the terms and conditions set out in the earnest money contract, the property known as 45 Briar Hollow Lane, Houston, Texas; that the sellers and purchasers agreed to consummate the sale within 60 days from the date the title company approved the title to the property; that one of the provisions of the contract was that it was subject to purchasers obtaining a $50,000.00 loan at 6% interest for a period of twenty years; that subsequent to the execution of the contract and prior to August 8, 1960 the principal parties thereto agreed orally to a change in the agreement, such change being that the contract was to be subject to the purchaser obtaining a $50,000.00 loan at $6\frac{1}{4}\%$ interest for a period of twenty years instead of a loan in that principal amount at 6% interest per annum; that thereafter and before the expiration of the time provided in the contract for consummation thereof, appellees agreed to lend appellants and appellants agreed to borrow from appellees the principal sum of $50,000.00 at $6\frac{1}{4}\%$ per annum for a period of 20 years; and appellees agreed to lend appellants and appellants agreed to borrow on a second lien note the principal sum of $10,000.00 at 6% per annum interest payable on or before one year, as part payment of the total consideration for the property; that the title company agreed upon by the parties approved the title on June 8, 1960, and that the sixtieth day thereafter fell on Sunday, August 7, 1960; that the contract provided that if the purchaser failed to consummate said contract as specified for any reason except title defects or other reasons set forth therein, the seller had the right to retain the $5,000.00 earnest money deposited by the purchaser with Stewart Title Company as liquidated damages for breach of said contract, and that the seller had to pay Rolke one-half of such deposit; that on Monday, August 8, 1960

appellees, as sellers in the contract, were ready, willing and able to consummate the sale, and did in fact tender performance to appellants as purchasers in the contract, but appellants failed and refused to consummate the agreement and complete the purchase of the property.

The court concluded that the contract was legally binding upon all parties; that the oral amendment of the provision of the contract relating to the rate of interest on the $50,000.00 loan did not invalidate the contract; that the last day for performance of the contract was August 8, 1960, a Monday; that appellants breached the contract by their failure to consummate it within the time prescribed therein; that neither appellees nor the intervenor violated any of the provisions of the contract; and that by reason of the breach of contract by the appellants, the appellees were entitled to retain as liquidated damages the $5,000.00 earnest money and that the intervenor was entitled to one-half of that amount.

Appellants excepted to such findings of fact and conclusions of law, and thereafter requested additional findings of fact and conclusions in accordance with Rule 298, Texas Rules of Civil Procedure. Pursuant to such request, the trial court made additional findings that (1) the agreed oral change to the earnest money contract was not induced or brought about by fraud on the part of any of the parties to this suit, and (2) no party to this suit pled estoppel, nor does the record give rise to an estoppel in favor of any of the parties. Except as just set out, appellants' request for additional and amended findings of fact and conclusions of law was denied and overruled by the court, to which action of the court the appellants excepted.

Appellants have predicated their appeal on two main contentions: (1) the earnest money contract was unenforceable for various reasons, the most significant of which was that a condition precedent therein having been subsequently changed by oral agreement of the parties (and there being no fraud or estoppel in the case), the requir-

ments of the Statute of Frauds had not been met; and (2) if it is assumed the contract was enforceable, the mere fact that the last day of performance fell on a Sunday, did not as a matter of law have the effect of adding another day to the contract.

The Statute of Frauds in this State, so far as applicable, is as follows:

"No action shall be brought in any court in any of the following causes, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:

" * * *

"4. Upon any contract for the sale of real estate * * *." (Article 3995, Vernon's Annotated Texas Statutes)

Appellants' first contention narrows down to the proposition that the subsequent oral agreement changing the rate of interest from 6% to 6¼% on the contemplated loan of $50,000.00 was in derogation of the provision that the sale was subject to the purchaser obtaining such loan at 6% interest for a period of 20 years, and was in violation of the Statute of Frauds.

■ The general rule is that where a contract for the sale of land is required to be in writing by the Statute of Frauds, and such contract covers the entire agreement between the parties, a subsequent oral amendment or change in the agreement will not be permitted. Appellants have cited numerous cases to the effect that oral changes or modifications of a written contract required to be in writing by the Statute of Frauds are unenforceable. Robertson v. Melton, 1938, 131 Tex. 325, 115 S.W. 2d 624, 118 A.L.R. 1505; Michael v. Busby, 1942, 139 Tex. 278, 162 S.W.2d 662; Kistler v. Latham, Tex.Com.App., 255 S.W. 983; Gambill v. Snow, Tex.Civ.App., 189 S.W.2d 33, writ ref., w. o. m.; Schofield v. Pyron, Tex.Civ.App., 257 S.W. 350, writ ref. Appellants contend that the general rule applies

even though the contract may relate to a matter that need not have been stated in the original contract, citing Kistler v. Latham, supra; O'Mara v. Hall, Tex.Civ.App., 134 S.W.2d 348; Gambill v. Snow, supra; Parrish v. Haynes, 5th Cir., 62 F.2d 105.

■ The provision in the contract of sale reading:

"and subject to purchaser obtaining a $50,000.00 loan at 6% interest for a period of twenty years and also the execution of a second lien note on the above described property in the amount of $10,000.00 bearing 6% interest and payable on or before one year."

is a condition precedent which must have occurred before the contract of sale in question could become operative and binding on the parties thereto.

In Couch v. Stewart, Tex.Civ.App.1947, 200 S.W.2d 642, there was a provision in the earnest money agreement that if a certain loan arrangement could not be made, the earnest money would be refunded. The court said:

"Our courts appear to have held in similar circumstances that such an instrument, or earnest money receipt, as this one, could not become operative as a contract-of-purchase until the occurrence of the expressly stated condition precedent thereto, which, as abundantly shown in this instance, never did occur. Faulkner v. Otto, Tex.Civ.App., 230 S.W. 447; Burns v. American Nat. Ins. Co., Tex.Com.App., 280 S.W. 762, 765."

To like effect, see Pena v. Security Title Co., Tex.Civ.App., 267 S.W.2d 847. In Reinert v. Lawson, Tex.Civ.App., 113 S.W.2d 293, the court stated:

"The parties to a contract may agree that it shall not become effective or binding until or unless some specified condition is performed or occurs, in which case there is no binding contract until such condition has been complied

with. * * * When a promise is subject to a condition precedent, there is no liability or obligation on the promissor and there can be no breach of the contract by him until and unless such condition or contingency is performed or occurs. 10 Tex.Jur. p. 396, § 225, and authorities cited; Ferguson v. Mansfield, 114 Tex. 112, 263 S.W. 894, 900, par. 4; First Methodist Episcopal Church v. Soden, 131 Wash. 228, 229 P. 534, 536, par. 3."

■ The provision in question, being a condition precedent, goes to the very heart of the contract of sale, and is such that there could be no binding contract for the sale of the property until the condition occurred or was performed. In the instant case, there was no binding obligation upon appellees to sell and appellants to buy the property because the condition precedent never occurred. The fulfillment of the condition precedent was essential to the creation of a binding contract of sale, and hence such condition had to be in writing. It is clear that the obligation to sell and buy real estate is one of the essential elements of a contract of sale that must be evidenced by a writing signed by the party to be charged. Since such condition precedent directly and materially affects the obligation to buy and sell real estate and must, therefore, be in writing, any material change or modification therein would have to be in writing to comply with the Statute of Frauds. Certainly if such condition precedent had been oral it could not have been enforced because to enforce it would be to change a binding contract for the sale of realty into a contingent contract.

Appellees assert that since in this State the law is well settled that the Statute of Frauds does not require that the consideration in a contract for the sale of realty be expressed in writing, there may be valid oral changes or modifications in the medium or method of payment of such consideration when expressed in the writing. See Gulf Production Co. v. Continental Oil Co., 1942, 139 Tex. 183, 164 S.W.2d 488, and Garcia v. Karam, 1955, 154 Tex. 240, 276 S.W.2d 255, and authorities cited therein.

■■ In the instant case we do not have a change or modification in the medium or method of payment of the consideration expressed in writing in the contract as in Gulf Production Co. v. Continental Oil Co., where there was an oral agreement to accept certain syndicate certificates in satisfaction of delay rentals. Nor do we have a situation similar to that in Garcia v. Karam, where there was a contract in writing providing that $20,000.00 of the purchase price was to be paid in merchandise from stock owned by Mr. Garcia, at invoice, and the contract was later modified to the extent that the purchaser agreed to accept the stock of merchandise at a value of $20,000.00 without the necessity of taking an inventory. The Supreme Court in the latter case said:

"To answer the question thus presented, we should look to the written contract before modification and to the character of the modification itself. If neither the portion of the written contract affected by the subsequent modification nor the matter encompassed by the modification itself is required by the Statute of Frauds to be in writing, then the oral modification will not render the contract unenforceable."

It is our view that in the present case the condition precedent had to be in writing since its fulfillment or performance was essential to create a binding obligation on the part of the parties to buy and sell real estate. Any material change or modification in the condition precedent had to be in writing, because the portion of the written contract affected by the subsequent oral modification had to be in writing. It is true that if such provision had not specified any rate of interest, it probably could have been shown by parol what the interest was to be. In the case at bar, however, the contract specifies in writing what the rate of interest is to be and makes such rate of interest a definite part of the condition precedent.

The oral change in the rate of interest cannot be said to be an immaterial change. If such part of the condition precedent could be changed by parol, then it would seem that any other part thereof might be orally changed or eliminated completely. If such condition precedent could be eliminated by a parol agreement a binding contract of sale could thus be created by parol to take the place of a conditional contract not binding because the condition was not performed.

It is our view that the oral change in question comes within the Statute of Frauds. Since the evidence is undisputed that the purchaser did not obtain the $50,000.00 loan for twenty years at 6%, the condition was not performed, and the contract of sale never became effective. Hence neither the appellees nor the intervenor have the right to forfeit or retain the earnest money deposit or any part thereof.

In view of our holding, it is unnecessary to discuss appellants' other points.

Reversed and rendered.