**Bill HAYES, d/b/a Bill Hayes Realty, Appellant,**

**v.**

**Gerald Albert EASTER and wife, Willie V. Easter, Appellees.**

**No. 7894.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 29, 1968.

Rehearing Denied Dec. 3, 1968.

William E. Wiggins, Texarkana, for appellant.

B. A. Britt, Jr., Harkness, Friedman & Kusin, Texarkana, for appellees.

FANNING, Justice.

Appellees sued appellant for $500.00 for return of a down payment on a house.

Trial was to the court without the aid of a jury, resulting in a judgment for appellees in the sum of $488.95. Appellant has appealed.

Appellant presents two points on appeal: The first point is to the effect that the judgment is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. The second point is to the effect that the trial court erred in holding that the refund of the money previously deposited with appellant by its secretary upon appellees' demand concluded the contract.

The appellees' suit was an action seeking the return of a down payment on a house made by Mr. and Mrs. Easter to Bill Hayes Realty, a partnership, on an offer and acceptance agreement for the purchase of a house, with said offer and acceptance agreement being subject to approval of the Federal Housing Administration for a 30 year loan. The contract was entered into on July 28, 1967. The appellees moved into the house and were paying rent on it pending the outcome of the proposed loan and consummation of the proposed purchase and sale. There was evidence in the record to the effect that appellees were advised by appellant's agents that the F.H.A. had "turned down" the loan two times prior to Nov. 6, 1967. There was also evidence in the record to the effect that appellees were advised by an employee of appellant that it would be necessary for them to deposit additional money in order to have the loan approved, and that appellees, not desiring to deposit additional money, went by the office of appellant and there received, on November 6, 1967, a check from Bill Hayes Realty, signed by A. N. Hayes, father of Bill Hayes, and a general partner of Bill Hayes, in the Bill Hayes Realty, in the amount of $488.95, representing the refund of the $500.00 down payment, less a charge of $11.05 withheld for a credit report. The next day, Bill Hayes had payment on the check stopped. Bill Hayes offered in evidence a subsequent approval of the F.H.A. of the loan, dated November 13, 1967.

After the payment on the check was stopped, appellees sued appellant for the recovery of the $500.00 down payment they had made. Appellant filed a cross-action contending it was entitled to retain said $500.00 down payment. The trial court in entering judgment for appellees for $488.-95, stated in the judgment in part as follows:

"* * * and it appearing to the Court that Plaintiff's cause of action is just and based upon an Offer and Acceptance Agreement entered into between said parties for the purchase of a new home, subject to the approval of Plaintiffs loan by the Federal Housing Administration, which loan was turned down by the said Federal Housing Administration and Plaintiffs demanded of the Defendant to return to Plaintiff the Five Hundred and no/100 ($500.00) Dollar down payment which they had made to the Defendant, at which time Defendant gave Plaintiffs his check No. 845 in the amount of Four Hundred Eighty-Eight and 95/100 ($488.95) Dollars, representing the refund of the $500.00 down payment, less a charge of $11.05 withheld by said Defendant for a credit report, but Defendant stopped payment on said check prior to Plaintiffs trying to cash it and Defendant thereby failed and refused to refund to Plaintiffs the sum of Five Hundred and no/100 ($500.00) Dollars, and it appearing to the Court that the Plaintiffs have been damaged by the Defendant's failure and refusal to refund to the Plaintiffs the down payment made by Plaintiffs, in the sum of Four Hundred Eighty-Eight and 95/100 ($488.95) Dollars, plus interest from this date at the rate of Six (6%) per cent per annum, together with all costs in this behalf expended."

Mr. A. N. Hayes, who signed the check in question, was a general partner and had

ample authority to sign said check and thus return appellees' down payment, less the cost of the credit report deducted therefrom. Mr. A. N. Hayes also, at the time of the signing of said check, asked Mr. Easter when Mr. Easter was going to vacate the house. Also Mr. Bill Hayes, the other partner, testified to the effect that the house in question had been sold to another party at the same price at which it had been previously sold to Mr. and Mrs. Easter. The Easters, after having been told by appellees' agents that the loan had been turned down twice, and after declining the counter-offers and propositions made by appellant's agents, apparently considered the deal in such a state as to authorize them to a refund of the down payment. Mr. A. N. Hayes, one of the general partners, apparently concurred in this view by his issuance of the check to appellees. This, we think, he had full authority to do under the facts in this case. Mr. Bill Hayes, the other general partner, however, apparently did not concur in the view of the other partner, as he stopped payment of the check and later secured (on Nov. 13, 1967) a F.H.A. commitment on the loan. He contended to the effect that A. N. Hayes, the other general partner issued the check by mistake. However Mr. A. N. Hayes did not testify in the case and no testimony came from A. N. Hayes that he made a mistake. Mr. and Mrs. Easter, appellees, contend that there was no mistake, but that they were entitled to a refund. In view of appellant's agents telling appellees that the loan had been turned down twice, it became necessary for the appellees to secure other housing, which they did by purchasing another house.

■ The trial court, as the trier of the facts, was the judge of the credibility of the witnesses and of the weight to be given their testimony, and he evidently gave greater weight and credence to the testimony offered by appellees than that offered by appellant.

■ After carefully reviewing all the evidence in the record in the light of the rules announced by the Supreme Court of Texas, in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1944), we hold that the judgment of the trial court was not so contrary to the great and overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Appellant's first point is overruled.

Appellant cites Zeluff v. Ekman, Tex. Civ.App., 386 S.W.2d 838, no writ (1965) for the proposition that the F.H.A. loan approval of Nov. 13, 1967 (after the issuance of the refund check of Nov. 6, 1967) completed the contract. *Zeluff* is clearly distinguishable; it has to do with an oral modification by the parties of the rate of interest on the loan to be obtained by the purchaser, which oral modification was in violation of the statute of frauds. Other cases cited by appellant on his second point are also clearly distinguishable.

■ We think the evidence supports an implied finding of the trial court to the effect that there was no mutual mistake in the issuance of the refund check in question. Certainly the Easters, appellees herein, who considered the contract terminated in view of the F.H.A. loan being turned down twice and with more onerous conditions for the proposed purchase and sale being attempted to be imposed upon them by appellant, to which conditions they did not assent to, and who were demanding the refund of their down payment, made no mistake in the matter, but were merely securing the issuance of a check which they asserted they were rightfully entitled to. As we view it, there is evidence of probative force, which indicates the check was not issued by mistake at all, in view of the fact that Mr. A. N. Hayes, a general partner, who had as much authority as the other partner, Bill Hayes, signed the check with full authority to do so and had re-

quested of Mr. Easter as to when he was going to move out of the house. The fact that the other partner Bill Hayes was dissatisfied and had payment stopped on the check, in no way lessens the fact that the other general partner, A. N. Hayes, had full authority to issue the check in question. Also as hereinbefore noted, Mr. A. N. Hayes, the general partner, who issued the check, did not testify in the case. Appellant's second point is overruled.

Considering all the facts and all the equities in this case, we think the trial court entered a correct judgment under the record in this case.

The judgment of the trial court is affirmed.