### BUCKNER, STANTON & CO. *vs.* WATT.

#### ON A RE-HEARING.

Contracts are to be decided by the law of the place where made ; but there is
an exception, which is that no nation is bound to recognize or enforce con-
tracts which are injurious to its interests or people.

So, a statute of this state derogating from the established rules of evidence
among nations will be executed and obeyed, as to contracts made in other
states, when they are sought, be enforced here.

*Thos. Slidell*, for the defendant and appellant, prayed a re-
hearing in relation to the point involved, by the offer of the
testimony of Harper & Carpenter, the drawers of the bill sued
on who are expressly excluded on the score of incompetency
by the statute of March 27, 1823.    The counsel contended
that as the bill was drawn in Mississippi, that the contract arose
there and should be governed by the laws of that state, which
admitted the drawers of bills as competent witnesses, &c.

A re-hearing was granted, " but confined to the point of the
admissibility of the drawers of the bill as witnesses, notwith-
standing the statute of 1823."

The case was argued by *Thos. Slidell and Roselius*, for the
appellant, and by *G. B. Duncan*, for the appellees.

*Garland, J.* delivered the opinion of the court.

The application for a re-hearing in this case was granted exclusively on the point, whether the evidence of Harper and Carpenter, who were two of the firm of Harper, Carpenter & Co., the drawers of the bill sued on, was admissible. In Mississippi, where the bill of exchange sued on was drawn, the drawer is a competent witness in a suit between the holder and endorser of it, but in this state we have a statute which enacts, that " the drawer of a note or bill of exchange or other negotiable paper, shall never in any case whatsoever be admitted as a witness in any civil cause or suit brought by the holder of any such note, order, bill of exchange or other negotiable paper against any of the endorsers of said notes, orders, bills of exchange or other negotiable paper, for the recovery of the capital and legal interest of the said notes, orders, bills of exchange or other negotiable paper ;" 1 Moreau's Dig., 624.

The defendant's counsel contends that as the contract was made in Mississippi, it must be governed by the laws of that state, not only as to the form and matter of the contract, but also in relation to the evidence by which it is to be supported or invalidated. He therefore insists, that as Harper and Carpenter were competent witnesses in Mississippi they are so here. In the absence of any statutory provision, this might be a nice question, one upon which jurists are divided in opinion and the authorities nearly balanced.

Judge Story in his conflict of laws says, " generally speaking the validity of a contract is to be decided by the law of the place where it is made. If valid there it is by the general law of nations, *jure gentium,* held valid every where, by the tacit or implied consent of the parties." The same rule has been well established in our jurisprudence ; Conflict of Laws, Ed. 1841, sec. 242 ; 11 Martin, 730 ; 12 Idem, 475 ; 8 Idem 95 ; 1 Martin, N. S., 202; 1 Peters, 317 ; 13 Idem, 378, 379 ; and various other authorities cited by the learned author of the Conflict of Laws. But to this rule there is an exception as to the universal validity of contracts ; which is, that " no nation is bound to recognize or enforce any contracts, which are inju- *Contracts are to be decided by the law of the place where made; but there is an exception, which is that no nation is bound to recognize or enforce contracts which are injurious to its interests or people.*

EASTERN DIS.
July, 1841.

rious to its own interests or to those of its own subjects;" Conflict of Laws, sec. 244, p. 203; 2 Martin, N. S., 73; 5 Idem, 587; 13 Peters, 65, 78. The reason why the courts of one state or nation, will execute contracts according to the laws of another, rests upon a principle of comity and convenience among nations, which cannot be extended so far as to violate the positive legislation of the state or nation whose court is called on to enforce the foreign contract and law. We are bound to believe, that the legislature, when the statute in question was enacted, supposed that the rule of evidence which was then in force in this state as well as in Mississippi was injurious to the interests of our citizens, and therefore changed it. We cannot violate their will, although the necessity of the law may not be so apparent to our minds, as it was to those who had the power to enact it.

We therefore see no reason for changing the opinion heretofore given.

*So, a statute of this state derogating from the established rules of evidence among nations, will be executed and obeyed as to contracts made in other states, when they are sought, be enforced here.*