Bauduc v. Conrey.

## Louise Josephine Bauduc *v.* Peter Conrey.

Where a contract is attacked on the ground of fraud, parol evidence is admissible to prove the allegations of fraud upon which the contract is sought to be annulled, whenever the consent of the complaining party is shown, under the allegations, to have been the consequence of the fraud. But such evidence is inadmissible to establish a verbal agreement of the defendant to transfer real property, and a fraudulent refusal on his part to comply therewith. C. C. 2255, 2256.

The answers of a party to an action, interrogated, under art. 2255 of the Civil Code, as to a verbal sale of an immovable, denying the sale, cannot be contradicted.

A plaintiff can neither require the performance, nor recover damages for the non-performance of an agreement, without legal proof of its existence.

A party cannot complain of a sale, made by the sheriff, of real property, in block, unless it be alleged and proved that she requested the officer to sell it in seperate parts.

Appeal from the District Court of the First District, *Buchanan*, J.

*Greiner*, for the appellant.

*Schmidt*, for the defendant. Every transfer of immovable property must be in writing. Civil Code, art. 2255.

Bauduc v. Conrey,

Parol proof is inadmissible to prove a sale, or agreement to sell real estate. *Muggah* v. *Greig*, 2 La. 596. *Badon* v. *Badon*, 4 La. 169. 7 La. 274.

Parol evidence cannot establish title to real estate. *McGuire* v. *Amelung*, 12 Mart. 649. *Boudreau* v. *Boudreau*, Ib. 667.

If a party being interrogated, deny the sale of immovables, his answer cannot be contradicted. *Bach* v. *Hall*, 3 La. 116. *Patterson* v. *Bloss*, 4 Ib. 377. *Allison* v. *Fox*, 5 La. 459.

SIMON, J. This action is based upon a pretended verbal agreement, alleged to have existed between the plaintiff and the defendant, in relation to the purchase of certain lots bought by said defendant at a sheriff's sale, and to the retransfer thereof to be made by said defendant to a third person, for the benefit of the plaintiff. The allegations set up in the petition show, in substance, that the lots in question were purchased in 1840, by one Nadaud, who gave his three promissory notes in part payment thereof, each for the sum of $500 ; that said lots were mortgaged to secure the payment of the notes ; that subsequently the lots were sold, successively, to different persons, as being subject to the mortgage, and that they became the property of the petitioner, in November, 1840. That the defendant having become the holder of the notes, and having obtained a judgment thereon, caused the lots to be seized and sold by the sheriff ; that the petitioner, bought them at the sheriff's sale, on a credit of twelve months ; that, at the maturity of her bond, being unable to pay, the lots were seized and advertised for sale, to take place on the 7th of October, 1843 ; and that previous to said day, the petitioner had an interview with the defendant who agreed that if the property did not sell for its real value, or for more than the amount of his claim, he would bid the property off in his own name and transfer it to her at any time during the next succeeding six months, if she would pay the amount of his claim, interest and costs, within that time ; or, in case she could find a purchaser within that time, at a price which she thought the value thereof, said defendant agreed to transfer the property as she might indicate. She states that she assented to this proposition, and required a writing to be made, to which said defendant replied, that the agreement would be the same though verbal, and

that she did not insist upon it;that she, accordingly,exerted herself to prevent persons from bidding for the property,which was finally adjudicated to the defendant, for $1000, which is not more than one-fourth of its value, and that said lots were sold in block, when in fact it would have been more advantageous to her, if they had been sold separately.

She further represents that before the expiration of the six months, being unable to pay, she applied to the defendant for an extension of time, until the 7th of October, 1844, in consideration of her paying interest on the claim of $15 per month, to which said defendant assented under the previous conditions ; and that it was further agreed, in case she or he could find a purchaser, the balance of the proceeds of the sale should go to her, after satisfying the defendant's claim *in toto*. That after enquiry, she found a purchaser of said property, for $3000 ; that she informed defendant of the fact, and requested him to make the transfer to the person in accordance with the agreement, but that the defendant refused to transfer the said property, whereupon she saw that he had acted in bad faith, and was disposed to defraud her; that she immediately caused an act to be prepared by a notary for the transfer of the lots, notified the defendant thereof, and made him a legal tender of the full amount of his said claim against her, with interest, &c., which he refused to take and to make the transfer,

She further sets up allegations of fraud and false representations on the part of the defendant towards her, clearly intended *to lull her into security* against any danger of being defrauded ; states that she could at all times have obtained more than $2500 for the property, had not the defendant made her divers false representations as to *his intending to comply with his verbal agreement ;* that she would have caused the property to be sold legally by the sheriff, in seperate lots, and at the highest price, if she had not believed defendant's representations, and *relied on his promise;* or that she could have obtained a loan and paid the debt, as she was enabled to do as soon as she discovered the fraud and the false representations of the defendant, in consequence of which, she has been by him defrauded in the sum of $2000.

She prays that he may be condemned to transfer the property to the third person named in the petition, or to herself, on her

paying the amount of his claim; or that she may have judgment against him for $2000 damages, sustained by reason of the fraud and false representations practiced upon her by the defendant; and that he may be ordered to answer ten different interrogatories, intended to prove the alleged agreement.

The defendant joined issue by denying, generally and specially, all the allegations of the petition; further setting up his sheriff's sale and the circumstances under which it was made, and alleging that he attended the sale with a view to protect his interests, and to buy the property rather than to subject himself to be baffled in obtaining payment of his judgment; that he was not desirous of buying the property; but that when the plaintiff represented herself to be the wife of Nadaud, he consented to give her an opportunity of redeeming the property, and to transfer it to her, if, within three months from the day of the sale, she should pay him the whole judgment, &c. He further avers, that this promise was made under the persuasion that she was Nadaud's wife, as she represented herself to be, and that had he known the contrary, he would not have made her any promise at all.

Under these pleadings, the parties went to trial. The answers of the defendant to interrogatories were taken; his testimony was also taken as evidence in the cause on behalf of the plaintiff; other parol evidence was offered by plaintiff and rejected by the court; and, judgment as in case of a non suit having been rendered in favor of the defendant, said plaintiff has appealed.

The answers of the defendant to the interrogatories propounded to him, prove, in substance:

*First*, That he bid off the property in question at a sheriff's sale, for $1000.

*Second*, That the plaintiff, representing herself to be the wife of L. A. Nadaud, he was induced to offer her the privilege of redeeming the property for her benefit, at any time within three months from the date of the sale, on the payment of the amount of his claim, which offer he would not have made, had she not represented herself to be Nadaud's wife. *Third*, That he did not request Nadaud to speak to the persons present at the sale, and

prevail upon them not to bid. *Fourth,* That at the last sale, there was no appraisement; but at the first sale, he was told that the property was appraised at $2,500. *Fifth,* That he allowed the plaintiff three months to redeem the property, under the belief. that she was Nadaud's wife. *Sixth,* That he did not require the plaintiff to pay him interest, but agreed to rent her the property at $15 per month, payable monthly, which rent she has paid, and plaintiff occupies it as his tenant. *Seventh,* That he has never offered to transfer the property to the plaintiff, in the manner mentioned in the petition; but that he recollects having told her to let him know if an offer was made to buy it; that he never promised her, nor intended to give her the profits which he could realize from the sale, nor to allow her to redeem the property after the lapse of the first three months after the purchase, &c. *Eighth,* That he is not aware that any request was made to him by Nadaud to put the agreement in writing; and that if it had been, he would not have acceded to it. *Ninth,* That when the tender was made to him, he did not say he wanted a few days to make up his account, but said he wanted time to consult his attorney. *Tenth,* That he would estimate the property, at present, at $2,500 or $3,000, as it has increased in value since he bought it.

The testimony of the defendant proves pretty much the same facts, except that the circumstances are more detailed; but it contains also certain facts which are not stated in his answers to the interrogatories. He says that he told the plaintiff, previously to the sheriff's sale, that he would bid for the property to the amount of his claim, and if any one bid more he had nothing to say; that being called on by the plaintiff, before the expiration of the three months, for further time, he told her that he could not give her any more time, but that he would continue to consider her as his tenant, on paying $15 per month rent, for the balance of the year; that he refused uniformly to transfer the property after the three months; that plaintiff was to redeem the property for herself and children, and not with a view to speculation; and that if he had not believed the plaintiff to be Nadaud's wife, he would have had nothing to do with her, as his object was to save Nadaud's wife and children from distress.

Bauduc v. Conrey.

The whole testimony is a direct contradiction of the allegations of the petition, and presents the case under a very different aspect. It is such as to destroy the plaintiff's action, not only in relation to the transfer of the property, but also with regard to her claim for damages, which, under the evidence adduced, could not, for a moment, be countenanced.

The case, however, is before us upon two bills of exception, from which it appears: 1st, That the judge *a quo* rejected parol evidence to prove the agreement and facts set forth in the petition, and the fraud therein alleged. 2d, That he refused to permit the plaintiff to introduce in evidence the sheriff's return of the sale, the appraisement and other proof, to show that the property in contest would have sold for a much larger sum, in separate lots, than in block, &c.

I. On the first bill of exceptions, we think the judge *a quo* did not err. The evidence offered had a tendency not only to prove the verbal agreement declared upon in the petition, but also to contradict the defendant's answers to the interrogatories, and the statements by him made in his testimony taken and introduced as evidence in the cause *on behalf of the plaintiff*. We are not ready to controvert the doctrine, that a contract may be attacked on the ground of fraud, and that parol evidence is admissable to prove the allegations of fraud and deception upon which such contract is sought to be annulled, whenever the consent of the party complaining is shown, under the allegations, to have been the consequence of the fraud. But here, although the petition alleges that the defendant acted fraudulently towards her, in the purchase of the property which she seeks to take from him, it is manifest that the fraud which she complains of, if any ever existed, consists rather in his not complying with the alleged verbal agreement, than in the means which he may have employed to obtain his title to the property in dispute at the sheriff's sale. The principal ground of this action is, that the defendant promised to transfer said property to the plaintiff, or to another person, and that he fraudulently refused to carry the agreement into effect; and the evidence offered is intended to establish the said agreement by parol proof, in violation of the law which says, that every transfer of immovable property

must be in writing, and that no parol evidence shall be admitted to prove it, or to prove against or beyond what is contained in the acts, &c. Civil Code, arts. 2255, 2256. This is really an attempt, under allegations of fraud bearing on the effect of the defendant's refusal, to prove an agreement to sell real property by parol evidence, and to compel the defendant, under a verbal promise, to transfer it, or give a title thereto to a third person for the benefit of the plaintiff; and we cannot hesitate to say, that it was properly rejected below. 12 Mart. 649, 667. 2 La. 596. 4 Ibid, 169. 7 Ibid, 274, and case of *Breed* v. *Guay, ante,* p. 35. In the case of *Delahoussaye's Heirs* v. *Davis' Heirs,* 19 La. 410, in which similar allegations of fraud were made in the petition, we held that, whether the argeement, which invested Davis with the title to the property in dispute, was, or was not fraudulent, parol evidence was equally inadmissable. Here, also, although it is alleged that the property was adjudicated to the defendant, in consequence of his false and fraudulent representations, the plaintiff does not pray in her petition that the sheriff's sale be annulled and set aside; and it is clear that she cannot be allowed to introduce evidence which would go to invalidate it, and thereby to give her a title to the property based only upon a verbal agreement. The case of *Broussard* v. *Sudrique,* 4 La. 351, relied on by the plaintiff's counsel, is not applicable; as in that case, parol evidence was admitted to show the error alleged to have existed in the contract, in the substance of the thing bought, and as the allegation of fraud was under the facts stated in the answer, closely connected with the error complained of.

But, there is another reason why the evidence was properly rejected. The plaintiff, after having thought proper to probe the conscience of her adversary, by propounding to him ten interrogatories, which he answered in open court, on the 29th of May, 1844, resorted to his testimony six months afterwards, on the trial of the cause, and offered him *as her witness,* in support of the allegations contained in the petition. He was examined in her behalf, and was cross-examined by the adverse counsel, and his evidence comes up with the record. We have already remarked, that this testimony is such as to destroy the

plaintiff's action, as it proves that the plaintiff's allegations are unfounded; and it appears, by the bill of exceptions, that the object of said plaintiff in introducing the parol evidence which was rejected, was *to prove the facts set forth in her petition*, and thereby to contradict the defendant's testimony; this, we think, she cannot be permitted to do. It is well settled that if a party, being interrogated on facts and articles, under art. 2255 of the Civil Code, deny the sale upon which his answers are required, his said answers cannot be contradicted (3 La. 118); for then it would be establishing the sale of an immovable by parol testimony; and it is, perhaps, a sound principle of evidence, that a party cannot be allowed to contradict his own witness, so as to discredit his testimony (1 Starkie, part. 2, § 29); for, as this author says, it would be unfair that he should have the benefit of the testimony, if favorable, and be able to reject it, if the contrary.

With regard to the point, that the evidence was admissable in support of the claim for damages as being the result of the breach of the agreement, it suffices to repeat what this court said in the case of *Allison* v. *Fox*, 5 La. 460. In order to show the breach, the contract must be proved; and if it cannot be proved, or, what is the same thing, not proved by legal evidence, there can be no longer a breach of it. See also 4 La. 377, in which we held that "he who claims damages for the non execution of a contract, must prove that it was actually entered into, in the same manner as if he required the specific performance of it." Here, the plaintiff requires the performance of the agreement, or the payment of damages, and we think that neither can be allowed, without legal proof its existence.

II. On the second bill of exceptions, we concur with the judge *a quo* in the opinion, that the evidence offered was inadmissable. The object of the plaintiff was to prove that a more advantageous sale could have been made, if the property had been sold in separate lots, and not in block. It is not alleged in the petition, that she ever required the sheriff to appraise the lots together or separately, so as to have them offered for sale to the best advantage, as she might direct, on the day of the sale (Code Practice, art. 676); and it is not even alleged

that she ever directed the sheriff to sell them separately. The prayer of her petition does not seek to annul the sale, on the ground of any informality in the sheriff's proceedings ; and as the evidence was intended to show that the sale was not made to the best advantage, we cannot see the bearing of it, without allegations to that effect. It is clear that she cannot complain of the sale made by the sheriff of the property in a lump, unless she alleges and shows that she vainly required him to sell it in distinct and separate parts.

On the merits, the judgment appealed from appears to be fully sustained by the evidence, so far as it was admitted under the pleadings.

*Judgment affirmed.*