*Court of Appeals, Third Circuit, Parish of St. Landry.*

## JAMES M. HOUSTON *et al. v.* VINCENT BOAGNI.

1. Parol evidence is admissible to establish a contract with a broker, fixing a rate of compensation for securing a purchaser for real estate.

2. Where the owner of property agrees to pay a particular sum to such a broker for securing a purchase at a fixed price, and such a purchaser

Houston et al. vs. Boagni.

is secured by the broker, the compensation of the latter is earned, and his claim cannot be defeated by the refusal of the owner to perfect the sale.

3. The failure of a broker to pay his State licenses for years preceding that of the transaction in question, could not affect his rights.

4. When the law imposing licenses fixes a penalty, it is the only one which can be enforced against delinquents.

5. Where the law does not declare that failure to pay State licenses shall *bar* the delinquent from enforcing judicially his claims for services, this penalty will not be imposed.

6. The only penalty fixed by law for non-payment of licenses of 1880, was that the delinquent might be prevented, by process of law, from transacting business.

*Appeal from Thirteenth Judicial District Court, Parish of St. Landry. Hudspeth, Judge.*

*J. L. Tansey* for plaintiff.

*Lewis & Brother* for defendant, appellant.

Plaintiff alleged that defendant agreed to pay him $1000 for securing a purchaser, at a stated price, for his plantation; that he secured such purchaser and introduced him to defendant, who thereupon refused to execute title to the property.

The defendant excepted, on the ground that plaintiffs had not paid their State licenses as brokers for the years 1878, 1879 and 1880, and could not, in consequence of such delinquency, appear in court demanding compensation for services as brokers. This exception being overruled, the general denial was plead. During trial defendant excepted to the refusal of the lower court to receive evidence that plaintiffs had failed to pay their State licenses for the years 1878 and 1879, and again to the admission of certain depositions establishing the contract sued upon.

MOORE, Judge, after stating pleadings and facts. — The ruling of the Court (upon the first bill) is based upon the ground that the evidence is irrelevant. We are of the same

opinion. The contract sued on was made in the year 1880, and not in either 1878 or 1879.

The next bill is to the ruling of the court overruling defendant's objections to the admissibility of the depositions of Louis and Oscar Philips, offered in evidence by plaintiff. The objections were; 1st, that parol evidence to prove authority to sell real estate is inadmissible; 2d, that parol evidence is inadmissible to prove any contract or agreement relative to immovables. The ruling was correct, and for the reasons given by the judge *a quo.*

We do not deem it necessary to notice the other bills of exception found in the record, except the one applicable to the overruling by the court of defendant's exception to plaintiffs' right of action, grounded upon their failure to procure a license for 1880. The ruling, we think, was correct. If plaintiff was obliged to take out any license at all, it was under the law of 1880, No. 119 of the Acts of the General Assembly for that year, approved April 10th, 1880. This law does not prescribe as a penalty for carrying on business without a license that the person so offending shall not sue for the recovery of fees or compensation due him for services rendered. The only penalty provided for is that mentioned in the seventeenth section thereof; and that is the stopping of the business or occupation carried on by the delinquent, to be enforced by legal process. This act repeals all other laws or parts of laws inconsistent or in conflict with it : therefore, no other or different penalties established by any other act of the Legislature, passed at any time anterior to the passage of this one, could be enforced against persons violating the same.

But it is shown by the testimony of the tax collector that he could not have given plaintiffs a license for 1880, at the time the contract was made between them and defendant and the services by them had been rendered. It would have been a vain thing, therefore, for them to have applied for a license.

The evidence adduced on the trial satisfies us that plaintiffs performed faithfully their part of the contract, and that de-

fendant has failed and refused to perform his part thereof; that the failure to sell the plantation, for which a purchaser had been secured, was due to defendant's refusal to make the title he had promised to such purchaser, and not to any act of plaintiffs.

Plaintiffs put defendant in default when they brought the purchaser to him, and the purchaser signified his readiness to take the property upon the terms and conditions agreed upon. There was no necessity for plaintiffs making a tender of any money to defendant for the purpose of putting him in default.

All the way through this transaction the defendant seems to have had it well understood that the sale must bring him $4000 net. He and his son, in their testimony, say that it was understood between him and plaintiff that defendant was to bear none of the expenses incident to the perfecting of title by a purchase from defendant of certain mortgage notes on the property and their foreclosure by the purchaser. The evidence establishes the probable expense of foreclosing said mortgage at about $300, not including sheriff's costs and costs of advertisement. This matter of the purchase of the mortgage notes and their foreclosure on the property seems to have been a modification of the original propositions of defendant, agreed to by the purchaser, in presence of plaintiff We do not think the verdict of the jury and the judgment of the lower court should be disturbed.

Judgment affirmed.