MONROE, J.
Plaintiff appeals from a judgment maintaining an exception of “no-cause of action” and dismissing her suit.
The petition alleges that plaintiff, through, her agent, Willis G. Depew, entered into a written contract, bearing date June 15, 1907,. with defendant, whereby the latter agreed to buy for $37,500 a certain square of ground, on the conditions stipulated in said contract,, including the condition that defendant should accompany its acceptance of plaintiff’s offer with “a deposit of $4,000” (changed to $3,-750), “said deposit to be placed in the hands of Messrs. I. L. Lyons & Co., Limited, and to apply on purchase price of property if titles to same are found to be perfect. Should titles of property be found imperfect, said deposit to be returned. Mrs. Lyons to have-30 days from the time when the deposit is. made wherein to make title, and the purchaser to have 15 days, after notice from-Mrs. Lyons that she is ready to consummate-the act of sale, wherein to make final payment and completion of purchase. Deposit, $4,000” (changed to $3,750), “to be forfeited, to Mrs. Lyons should the depositor default in carrying out the above provisions” — and including the further condition that the American Cigar Company should be able to-secure permit to build a factory on square; deposit herein made to be returned if unable-to secure permit by July 1, 1907. The petition further alleges that, about two days after the date of said written contract of June 15, 1907, defendant — ■
“through its agent, verbally requested an extension of time, up to August 1, 1907, wherein to-carry out said contract and carry out the terms and conditions thereof, and said extension was. granted said purchaser as requested by subsequent verbal contract; * * * that, notwithstanding said extension of time thus granted to- *596 them by said subsequent verbal contract, the American Cigar Company by letter addressed to petitioner, dated July 2, 1907, called for the return of the deposit of $3,750 made by them; * * * that said company never made any efforts whatever to carry out said written contract and verbal contract of June 15, 1907, and June 17, 1907, and particularly to obtain from the city of New Orleans the permit referred to in said contracts; that by said premature call for the return of the deposit of $3,750 made' by them under the terms of said contracts of June 15 and June 17, 1907, the said American Cigar Company intended to, and did, cancel and abrogate definitely and absolutely the said written and verbal contracts, and thereby unconditionally and irrevocably forfeited to and in favor of petitioner the said cash sum of $3,750 deposited by them as earnest money to guarantee the carrying out of the terms of said contracts, and thereby, moreover, mode it unnecessary to tender a title; * * that she is now entitled to the full ownership of the cash deposit. * * * Wherefore, the premises and the annexed written contract of June 15, 1907, and the annexed letter of July 2, 1907, and said verbal contract of June 17, 1907, being considered, petitioner prays that said American Cigar Company be cited, » * * and that * * * there be judgment * * * decreeing that the said * * * contracts of June 15 and 17, 1907, have been actively and willfully violated, annulled, and abrogated by said company ; that, in consequence, they have forfeited * * * the cash deposit of $3,750 made by them with I. L. Lyons & Company, Limited, as earnest money to guarantee the carrying out of said contracts; and, further, that plaintiff is now entitled to have the same turned over to her; * * * that said depositaries * * * be made parties defendant herein,” etc.
It thus appears, from the face of the petition, that plaintiff, having a written contract for the sale of real estate, agreed to substitute in its place, so far as one of its essential conditions was concerned, a verbal contract, and that she now relies upon both contracts as the basis of the present action. The provisions of the Revised Civil Code applicable to the case as thus presented read as follows:
“Art. 2462. A promise to sell amounts to a sale when there exists a reciprocal consent of both parties as to the thing and the price thereof ;' to have its effect, either between the contracting parties or with regard to other persons, the promise to sell must be vested with the same formalities as are above prescribed in articles 2439 and 2440, concerning sales, in all cases where the law directs that the sale be committed to writing.”
Article 2439 defines the contract of sale. Article 2440 provides that all sales of immovables shall be made by authentic act or under private signature, and that, except as provided in article 2275:
“Every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted.”
Article 2275 provides that:
“Every transfer of immovable property must be in writing, but, if a verbal sale, or other disposition, of such property shall be made, it shall be good against the vendor as well as against the vendee, provided actual delivery has been made of the immovable property thus sold.”
■It is not alleged that actual delivery was made in the instant case; hence the contract sued on falls within the rule that every verbal sale of immovable property shall be null, etc.
In Raper’s Heirs v. Yocum, 3 Mart. (O. S.) 444, it appeared that Raper had paid the full amount agreed on as the price of a slave, and his heirs brought suit to compel Yocum to make title; but this court reversed the judgment of the district court in their favor, saying (inter alia):
“Nothing can be more positive than the prohibition of our laws ever to recognize as valid a verbal sale, or a verbal promise to sell, an immovable or a slave.”
In Patterson v. Bloss, 4 La. 374, 23 Am. Dec. 486, plaintiff sued for specific performance of a contract for the sale of land and for damages for its nonexeeution, but subsequently restricted his claim to the demand for damages, and there was a verdict in his favor. On the appeal Judge Martin, as the organ of the court, said:
“It appears to us the jury erred. The contract was for the alienation of land, and the plaintiff did not offer any written evidence of it, although it was denied by the answer. His counsel has' contended that, as damages only are claimed, and not the performance of the contract, parol evidence is sufficient. Such a distinction cannot be admitted. The law requires that every contract for the alienation of land be reduced to writing, and forbids the admis *598 sion of parol evidence of it. There is, however, an exception to it; but the present case is not within it. He who claims damages for the in-execution of a contract must prove that it was. actually entered into in the same manner as if it [he] required the specific performance of it.”
And the judgment appealed from was reversed.
In Allison v. Fox, 5 La. 457, plaintiff sued on a written instrument which he attempted to supplement by parol evidence. Porter, J., as the organ of the court, said:
“If the document introduced, therefore, be not in itself a sale, and enable the plaintiff to recover, it is clear it cannot be made so by parol evidence; for our Code tells us in the most express terms that testimonial proof of the sale of immovable property shall not be received.”
In Bauduc v. Conrey, 10 Rob. 466. 473, it was said (concerning the right to recover damages for the inexecution of a verbal contract for the sale of immovables):
“In order to show the breach, the contract must be proved, or, what is the same thing, if not proved, by legal evidence, there can no longer be a breach of it.”
Applying the law and the interpretation cited to the case at bar, we find that plaintiff makes part of her petition a written contract, only for the purpose of disavowing it in so far as one of its conditions is concerned, and as supplying the place of that condition she sets up a verbal contract, made at a later date, and asks that defendant be condemned in damages for its violation. It is said that the petition sets forth a cause of action upon the written contract alone; but, however it might have been, plaintiff’s prayer for judgment is not predicated upon the written contract alone. To the contrary, the forfeiture sought to be enforced was conditioned, according to the written contract, upon defendant’s failure to pay for the property in question (other conditions being fulfilled) by July 1st, and plaintiff in effect alleged that defendant was not in default with respect to that condition, and specifically bases her demand for the forfeiture upon the allegation that there was a breach of a verbal contract by which it was to pay for the property by August 1st.
It seems clear that, if the theory upon which the suit was brought can be sustained, it would hold good when applied to a similar suit, predicated upon a written and a verbal contract, where all the conditions of the former were alleged to have been superseded by those of the latter, and the rule would be established that the fact that a legal written contract for the sale, or promise of sale, of real estate once existed would constitute a sufficient basis for a suit upon a subsequent and totally different verbal contract upon the same subject.
Defendant’s counsel calls attention to other aspects in which it is said the petition fails to disclose a case of action; but, save one, they appear to be without merit. The one to which we refer is the following: According to the contract, the deposit is to be forfeited if the defendant, being able to secure the “permit” to build, fails to do so, and (all other conditions being complied with) to pay for the property within the time specified. In order, therefore, to entitle plaintiff to enforce the forfeiture, it would be necessary for her to prove that defendant was able to secure the permit, and, as it would be necessary for her to prove, it is necessary for her to allege, the ability, and •that she does not do; the allegation, “that said company, or their agents or any one else for them, never made any efforts whatever to carry out said written contract and verbal contract of June 15 and June 17, 1907, and particularly to obtain from the city of New Orleans the permit referred to in said contracts,” not being the equivalent of such allegation, since it may be that defendant had reason to know that all efforts to obtain the permit would be futile, and the law compels .no one to do a vain thing.
Upon the whole, we are of opinion that *600 the judgment appealed from is correct, and it is accordingly affirmed, reserving to plaintiff the right to renew her suit on proper allegations.