No. ——

First Circuit

———

REIMERS v. HEBERT

———

(May 3, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Evidence—Par. 254; Sales—Par. 23.**

An allegation of fraud may be employed to open the way for the annullment or rescission of a sale or contract affecting real estate, but, in view of Articles 2275 and 2276 of the Civil Code, it cannot have the virtue of investing itself with the power of proving title to immovables by parol.

2. **Louisiana Digest—Evidence—Par. 222, 251, 266.**

Although under Article 1900 of the Civil Code the true consideration of a contract can be shown by parol, nevertheless, under Article 2276 of the Civil Code this can only be shown to supplement necessary information omitted from the contract but not as a contradiction to the recitals of the act.

3. **Louisiana Digest—Possession—Par. 14.**

One who takes possession of real estate before he obtains title is a possessor in bad faith under Article 3451 and 3452 of the Civil Code.

4. **Louisiana Digest—Possession—Par. 19.**

Under Article 508 of the Civil Code a possessor in bad faith has no right to recover for improvements which he put on the land unless the owner keeps the works, in which event he is merely entitled to the value and price of workmanship.

5. **Louisiana Digest—Privilege—Par. 3; Mechanic's Privileges—Par. 6.**

One who, in bad faith, places improvements on another's land, has no lien against the property for the improvements.

6. **Louisiana Digest—Damages—Par. 85.**

Where an alleged contract cannot be proven by legal evidence there can be no recovery for damages for its breach.

Appeal from the Parish of Jefferson Davis. Hon. Thomas F. Porter, Judge.

Action by Peter T. Reimers against A. Prudent Hebert.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed in part and reversed in part and case remanded.

Modisette & Adams, of Jennings, attorneys for plaintiff, appellant.

John B. Fournet, of Jennings, attorney for defendant, appellee.

MOUTON, J. Plaintiff appeals from a judgment maintaining an exception of no cause or right of action.

In the second paragraph of his petition plaintiff alleges that on or about February 9th, 1926, he purchased a lot of ground situated in Lake Arthur, with improvements, from defendant, for the sum of $500.00. In the subsequent paragraph he alleges that on the same day, as part of the purchase price, he handed to defendant a check of $100.00 which was collected by the latter at the Calcasieu National Bank of Southwest Louisiana. Thereafter, he alleges defendant was to furnish a complete merchantable title to the premises, and was to execute and deliver a good sufficient warranty deed, conveying the property to petitioner, for the price of $500.00 cash, and on delivery of the abstract and deed, the balance of the purchase price, $400.00, petitioner was to pay in cash; that the abstract was delivered to petitioner March 3rd, 1926, when he was informed by defendant that the latter would

execute the deed, leave it at the Calcasieu National Bank where petitioner could get it on paying $400.00, balance of purchase price; that defendant, with fraudulent intent, executed a deed before John B. Fournet, Notary Public, for the sum of $1500.00 which was deposited with said bank; that he tendered the bank $400.00 by check for the balance of the purchase price and demanded the delivery of the deed, which the bank declined to deliver, advising petitioner that the consideration recited in the deed was $1500.00, and that it was authorized to collect $1400.00 before delivering the deed.

Plaintiff further alleges that March 11, 1926, he received a letter from John P. Fournet, defendant's attorney, demanding that plaintiff pay the $1400.00, in default of which defendant would no longer be bound by the oral agreement to sell the property to petitioner; that on March 17, 1926, the said attorney wrote plaintiff another letter, threatening that if plaintiff did not pay the $1400.00 by March 20, defendant would require plaintiff to tear down and remove at his own expense the improvements he had made on the property. Then follow averments showing the amount plaintiff alleged he incurred for improvements on the property in labor and materials in addition to the $100.00 plaintiff alleges he paid defendant on the purchase price.

Petitioner further alleges "that while the sale and purchase were made on an oral understanding that the check, the deed and the letters of the defendant and his attorney, are such as to establish the existence of a contract of sale, etc."

Petitioner further alleges he is entitled to have the deed reformed or corrected so as the consideration expressed will be the true consideration of $500.00 which was

agreed upon; that defendant should be compelled to deliver petitioner such a deed and accept the balance of the purchase price, to-wit, $400.00.

In the alternative, plaintiff asks that he remain in possession of the property until he is paid by defendant for the former's expenses in material, labor and for the $100.00 paid defendant, or until the enhanced value is paid plaintiff.

Plaintiff, in the alternative, again asks, if the above proposition be denied, that he have a privilege enforced against the property for the labor and materials expended thereon. Still in and only in the alternative, he pleads that because of the fraud, deception and chicanery of defendant, or for his breach of contract, he be condemned for the several sums set forth in the petition with legal interest from judicial demand.

Finally, plaintiff prays defendant be ordered to execute a deed upon plaintiff paying him $400.00, and, in default thereof, the judgment of the court operate as a transfer of title to the property, and he prays, in the alternative, for relief under his alternative demands hereinabove referred to.

The foregoing synopsis embodies the allegations of the petition which are pertinent to a proper solution of the issues presented for decision.

In the excerpt quoted above from the petition, plaintiff alleges that while the sale was made on an oral understanding, the deed, check and letters of defendant (which letters the record shows were written by his attorney) are such as to establish the existence of a contract of sale.

The deed to which plaintiff refers was for $1500.00, and certainly shows no title

to defendant for $500.00 which he alleges was the price for the property. The check was for $100.00 and carries no proof that it was in part payment of $500.00 the consideration alleged by plaintiff.

The letters of the attorney, even if they could be taken as binding on the defendant, show that the price claimed by defendant was $1500.00 and which at the same time carried a demand by defendant that the improvements made on the property should be removed, unless plaintiff accepted the sale at $1500.00. It is therefore clear that the check, deed and letters taken separately or collectively make no proof of a sale for $500.00 for which plaintiff contends. The only way plaintiff could establish his title would be by showing that the real price which had been agreed upon was five hundred dollars. If the case went to trial on the merits, plaintiff would be compelled to prove by parol in accordance with the oral understanding which he alleges, and as against the testimony of defendant, that the true price was not for $1500.00, but was for $500.00. Obviously, to allow this, would be to permit the establishing of title to real estate by parol. In order, we presume, to get around this difficulty plaintiff therefore alleged that defendant had by fraud, deception and to rob him of his rights, executed a deed for $1500.00, which he deposited with the Calcasieu Bank but required before its delivery to plaintiff that the latter should pay $1400.00, being the amount defendant claimed from plaintiff. In referring to this allegation of fraud, plaintiff contends that fraud "cuts down everything". In a sense this is true, as the allegation of fraud may be employed to open the way for the annullment or destruction of a sale or contract affecting real estate, but it has not the virtue of investing itself with the power of proving title to immovables by parol in spite of

the law which requires such titles to be in writing. This can not be done as parol evidence is inadmissible under allegations of fraud or deception to establish title to real property. Baudus vs. Conrey, 10 Rob. 466. Plaintiff contends that the real or true consideration of a sale of real estate may always be shown upon proper allegations of error or fraud.

This contention is grounded on Article 1900, Civil Code, which reads as follows: "If the cause expressed in the consideration should be one that does not exist, yet the contract can not be invalidated if the party can show the existence of a true and sufficient consideration."

In Dickson vs. Ford, 38 La. Ann. 376, the court draws the distinction which exists between the rule that permits parol evidence to show the true consideration of a contract and the rule which excludes it if it be admitted against or beyond what is contained in the Acts, under 2276, Civil Code.

Parol evidence, as explained in that opinion, is allowed to show the cause or origin of the obligation, but not when it goes against or beyond the Act, as a contradiction to its recitals, but only when in effect it is offered to supplement necessary information omitted therefrom. Here, plaintiff alleges that he is entitled to have the deed reformed and corrected so as the consideration expressed will be true consideration of $500.00 which he avers was agreed upon, and he prays that defendant be ordered to execute such a deed or else that the judgment of the court operate a transfer of title.

Evidently, if parol evidence were permitted to be introduced for that purpose it would go squarely against or beyond or contrary to the recitals of the deed which say that the price or consideration

was $1500.00. If the foregoing allegation can be said not to refer to that deed, plaintiff would then be in a worse predicament as he would then have to rely entirely on parol evidence to establish his title which the law forbids, though allegations of fraud are used to circumvent its purpose.

We now pass to the consideration of the pleas in the alternative urged by plaintiff.

A possessor in good faith is he who has just reason to believe himself the master of the thing, as happens to him who buys a thing which he supposes to belong to the person selling to him, etc. It may be that the purchaser is mistaken, but he must, at least, have bought the thing. In this case, it is clear from the allegations of the petition that plaintiff had a mere oral understanding to buy, and made improvements on the property without having title thereto. He assumed the quality of owner without title and was therefore not a possessor in good faith, but was one in bad faith. C. C. Art. 3451, 3462. As it appears from the allegations of the petition that plaintiff was a possessor in bad faith he has no right to recover for the improvements or enhanced value of the land. Boagni vs. Stamen, 139 La. 851, 72 South. 417. Being a possessor in bad faith, he has no other claim than for improvements as stated in the first thre paragraphs of Article 508, Civil Code. Cannon vs. White, 16 La. Ann. 91. He has a cause of action against defendant to be reimbursed for their value and price of workmanship, under the provisions of that article, as declared in the paragraphs above referred to. Plaintiff, in his alternative plea, claims a privilege on the property for materials and labor expended by him. He undertook to do this work, as appears from his petition, as owner without title, and not for

defendant, as owner, and has no lien to be enforced.

In his last alternative plea, he asks damages for the several amounts claimed in damages for the deception and fraud alleged to have been practiced on him by defendant or for the breach of the contract or oral agreement.

In Baudus vs. Conrey, 10 Rob. 466, the court said: "In order to show the breach, the contract must be proved, or, what is the same thing, not proved by legal evidence, there is no longer a breach of it." In this instant case, taking the allegations of the petition as true for the purpose of the exception, no contract could be proved by legal evidence; there was, therefore, no contract, and no possibility of its breach. Patterson vs. Bloss, 4 La. 377, to the same effect. Plaintiff can therefore claim no damages for the breach of a contract which has no existence. Counsel for plaintiff says that the law forbids the introduction of parol evidence to establish title to real estate to preserve inviolate the requirement of written evidence for the conveyance of title to property of that character. He contends that this rule of law should not be invoked to suppress the right to recover damages for breach of an oral contract to sell real estate. The whole gist of the contest here presented is as to whether plaintiff could prove his contract by verbal proof. We hold that he can not, and as a logical sequence it must also be held that he can not recover damages for the inexecution of a contract that never drew the breath of legal life; nor has plaintiff any right to recover damages for the deception and chicanery which were the alleged concomitant results of the alleged violation of the oral agreement.

Plaintiff has a cause of action for the recovery of the $100.00 which he alleges he has paid on his oral agreement with

defendant; and for the improvements he placed on the property as hereinabove explained under Article 508, C. C.

It is therefore ordered, adjudged and decreed that the exception of no cause of action be maintained and the judgment be affirmed as to all the demands of the plaintiff, with the exception of the claim for the $100.00 and value of improvements as above restricted; that in that respect the exception be overruled, and the judgment below be reversed; and that this case be remanded to be proceeded with according to law on the two propositions above detailed and specified; defendant to pay cost of this appeal; those below to await the decision of this case.

LECHE, J., concurring.

In my opinion plaintiff seeks in this suit to establish a contract creating title to immovable property by parol evidence, and, in the alternative, if he is not permitted to do so, to obtain an award in damages for the violation of the contract. It is obvious that if he can not prove or establish the existence of the contract, neither can he prove that it was violated, for there would then be nothing to violate.

The law is that though title to immovable property may, for fraud, error, etc., be destroyed by parol, it can under no circumstances, not even under charges of fraud, be created by that kind of evidence. Hoffman vs. Ackerman, 110 La. 1076, 35 South. 293. O'Quin vs. Russell, 121 La. 57, 46 South. 100. Hanby vs. Texas Oil Co., 140 La. 195, 72 South. 933.

Where a contract cannot be proved by parol in a suit for its specific performance, neither can it be proved by parol in a suit in damages for its non-execution. Kaplan vs. Whitworth, 116 La. 338, 40

South. 723; Halsmith vs. Castav, 17 La. Ann. 140; Lyons vs. American Cigar Co., 121 La. 596, 46 South. 662; S. Arkansas L. Co. vs. Tremont L. Co., 146 La. 66, 83 South. 378.

ELLIOTT, J., dissents. No written reasons given.