No. 584

First Circuit

———

BREEDEN v. BREEDEN ET AL.

———

(March 5, 1930.  Opinion and Decree.)

———

R. F. ·Walker, of Baton Rouge, attorney for plaintiff, appellant.

Cross & Moyse, of Baton Rouge, attorneys for defendants, appellees.

MOUTON, J.  Plaintiff alleges that he bought 160 acres of land with his brother, Fenn A. Breeden, from their father, Rufus Breeden, for $1,500; that petitioner paid about the whole of the price with the possible exception of $200 that were expended by him for taxes and improvements on the property; that Fenn ' A. Breeden admitted in the presence of others that he had no interest in the property, not having paid any part of the purchase price, that it was his intention to sign a deed to plaintiff if sent him, that it was forwarded to Fenn A. Breeden, but which was not signed and returned; that, instead of signing the deed, Fenn A. Breeden, on October 7, 1928, by a deed executed on that date, pretended to sell to Mrs. Gabriella Breeden what he therein termed his undivided interest in the property, the consideration of the sale being given in the words following:

"A valuable consideration, which the said Fenn A. Breeden has heretofore received."

The sale by Fenn A. Breeden to Mrs. Gabriella Breeden is then attacked as being illegal and fraudulent. This attack is followed by the allegations that Fenn A. Breeden is indebted to plaintiff for the full amount of his one-half interest according to the deed above mentioned; that the pretended seller and purchaser knew that Fenn A. Breeden had no rights or interest in the property; that the sale was without consideration and was a pure simulation which should be annulled and canceled, as it was the only property owned by Fenn A. Breeden in the jurisdiction of the court, and which was obligated to the payment of petitioner's claim, same being for the purchase price of the property carrying a vendor's lien and privilege.

The prayer of the petition is to have the sale of October 7, 1928, by Fenn A. Breeden to Mrs. Gabriella Breeden, declared a fraudulent simulation and canceled from the public records of the parish of East Baton Rouge. This is the only relief asked by petitioner.

The demand was dismissed on an exception of no cause of action.

Plaintiff alleges in the beginning of his petition that he had paid the whole price for the land he had bought in conjunction with his brother, Fenn A. Breeden, which is followed by the allegation that the latter is indebted to him for $750, one-half of the purchase price; that Fenn A. Breeden had, in the presence of responsible parties, said he had no interest in the property and would sign a deed to that effect in favor of petitioner, but which, when forwarded to him, he did not sign and return. The only rational construction of the foregoing allegations which are given in substance hereinabove is that Fenn A. Breeden never had title to one-half of the property and was in debt to plaintiff for $750, being

one-half of the price of sale for the tract of land that had been deeded to both purchasers from their father, Rufus K. Breeden. In the subsequent allegations, plaintiff attacks the sale made by Fenn A. Breeden to Mrs. Gabriella Breeden, October 7, 1928, as a fraudulent simulation, charging Mrs. Gabriella Breeden with knowledge that Breeden had no rights to the property, on account of which it is alleged that the sale should be avoided and canceled; and then, in connection with the foregoing, plaintiff avers:

"It being the only property owned by the said Fenn A. Breeden in the jurisdiction of the Court and being obligated for the payment of petitioner's claim, same being the purchase price of said property and carrying a vendor's lien and privilege, petitioner will be unable to collect from the said Fenn A. Breeden for debt and to save the tract of land from being placed beyond the reach of this Court."

After reiterating the allegation that Fenn A. Breeden had never acquired any title or interest in the land, plaintiff alleges that what he transferred to Mrs. Gabriella Breeden was the only property he owned; that the sale should be annulled to subject the land to plaintiff's claim.

We are therefore confronted in the petition with the conflicting, irreconcilable, and contradictory allegations that Fenn A. Breeden never acquired any rights or interest in the land which it is, however, alleged is the only property he owned within the jurisdiction of the court.

Giving to the petition the most liberal construction, plaintiff therefore appears from his allegations in the attitude of owner of the one-half in the land which had been conveyed by Rufus K. Breeden, or as the creditor of Fenn A. Breeden for the sum of $750, the half of the purchase price which plaintiff alleges he paid for

the portion of the price Fenn A. Breeden had incurred. Plaintiff, however, in the prayer of his petition, is demanding only that the sale of Breeden to Mrs. Gabriella Breeden be declared a fraudulent conveyance, and that it be canceled from the public records. There is no demand whatsoever for judgment in favor of plaintiff against Fenn A. Breeden for $750, or in any amount, nor for the ownership of the one-half interest in the land which plaintiff, in one part of his petition, alleges was never acquired by Fenn A. Breeden. Even if his allegations could be construed as asking for the recognition of his title to the half interest of Fenn A. Breeden, the proof of this demand would have to rest on his averment that Breeden had, in the presence of responsible persons, admitted he had no rights or title to the land, and necessarily the proof to establish that fact would depend upon the admission of parol testimony.

Plaintiff, it is true, attacks the sale from Breeden to Mrs. Gabriella Breeden as a fraudulent transaction, and that under that averment parol evidence would be admissible to show fraud, if any existed. Parol evidence would be legal to establish the fraud, but not to show title to real estate. Barrett vs. Salter, 10 Rob. 434; Reimers vs. Hebert, 7 La. App. 56.

The allegations of plaintiff's petition, which must be taken as true under the exception, are destructive of each other, but, even if considered as meaning that plaintiff is seeking redress either as a creditor of Fenn A. Breeden, or for recognition of title to his one-half interest in the land, under the prayer of the petition— which is restricted to a demand for the cancellation of the sale from Breeden to Mrs. Gabriella Breeden from the conveyance records of the parish of East Baton Rouge

—plaintiff could not be granted the relief sought.

For the foregoing reasons, the suit was properly dismissed under the exception.

LECHE, J., not participating.