LANDRY ET AL. v. BLACHE ET AL.

(October 19, 1931. Opinion and Decree.)

Borah & Bloch, of Franklin, attorneys for plaintiffs, appellants.

Sanders, Baldwin, Viosca & Haspel, of New Orleans, attorneys for J. Henry Blache, defendant, appellee.

JANVIER, J. Plaintiffs pray for a judgment ordering the return to them of a deposit of $800 placed by them with defendant Blache, real estate agent, in connection with a proposed purchase by them of real estate.

Defendant Smith is an attorney at law, and judgment is sought against him because it is alleged that he conspired with Blache to bring about the situation of which plaintiffs now complain.

Inez and Georgia Landry became attracted to certain real estate on Louisiana avenue in New Orleans. After negotiations it developed that the property could be purchased for $9,750, which price was satisfactory to the Landrys.

During the negotiations Smith conferred with them on several occasions, as well as with the real estate agent, whether as friend or as attorney at law is much in dispute; and on June 1, 1929, the said Smith signed a written offer to purchase the realty for $9,750 cash. The offer was signed, "F. B. Smith, Atty.," and was at once accepted in writing by the owner, Voelkel.

In the said offer it was agreed that the prospective purchaser, in the event of failure of consummation due to his fault, should pay to Blache a commission of 4 per cent, together with all fees and costs necessarily incurred in the collecting of

the said commission. At the time of the execution of the offer the said Smith did not make the contemplated deposit of $975, with the result that Blache called upon him, in writing, on June 5th, to comply with the obligation to deposit and also called upon him verbally several times thereafter.

Smith maintains that, in making the said offer, he was acting for Inez and Georgia Landry and he called upon them to produce the amount of the required deposit.

They contend that they did not know that Smith had already executed the offer to purchase and that, therefore, on June 14th, having obtained from different sources $800 in cash, they called at Blache's office, together with Smith, for the purpose, they allege, of executing an offer to purchase and of making an $800 deposit in connection therewith.

They now charge that on that day, June 14th, they signed a written offer to purchase the property for $9,750, not for cash, but through the Dryades Building & Loan Association. That they produced and delivered to Blache, through Smith, the $800 referred to is not disputed.

Upon receiving the said deposit, Blache gave to Smith a receipt therefor, which receipt recited that the deposit had been made in connection with the offer which had been executed on June 1st by Smith as attorney.

Later it developed that plaintiffs could not obtain the necessary funds, except through a loan on the property. No loan was granted either by the Dryades Building & Loan Association, or otherwise, and the transfer of the property was never completed.

Plaintiffs now allege that they are entitled to the return of their money because their offer, which they aver was made on June 14th, was subject to their ability to obtain the necessary loan, which proved to be impossible.

Defendants assert that the deposit was made in connection with the cash offer executed by Smith on June 1st on plaintiffs' behalf and that, since they (plaintiffs) are responsible for failure of consummation of that transaction, commission and fees are due under the contract of that date.

There is a controverted legal problem which must be investigated before it becomes necessary to solve the disputed questions of fact and that legal problem results from the fact that there was no authority in writing from plaintiffs to Smith authorizing him to sign the June 1st offer on their behalf. The offer itself had for its object the transfer of title to real estate, and, of course, authority to an agent to sign such an offer should have been in writing in order to bring into existence the right of specific performance, or to otherwise affect the title to the realty. See Turner v. Snype, 162 La. 120, 110 So. 109, 110, in which our Supreme Court said:

"As the law requires that a contract to buy or sell real estate must be in writing, so also must a power of attorney to make such contract be in writing. Hall v. Sprigg, 7 Mart. (O. S.) 243, 12 Am. Dec. 506; Muggah v. Greig, 2 La. 593; Badon v. Badon, 4 La. 168; Miller v. Canal & Banking Co., 8 Rob. 242; Chapman v. Hardesty, 10 Rob. 35; Breed v. Guay, 10 Rob. 37; Bauduc v. Conrey, 10 Rob. 472; Stevens v. Wellington, 1 La. Ann. 72; Dubroca v. Her Husband, 3 La. Ann. 332; Seaton v. Sharkey, 3 La. Ann. 333; Phelps v. Hodge, 6 La. Ann. 525; James & Co. v. Wade, 21 La. Ann. 548; Keary v. Ducote, 23 La. Ann. 196; Kunmengeiser v. Juncker, 28 La. Ann. 678; Hackenburg v. Gartskamp, 30 La. Ann. 900; Succession of Edwards, 34 La.

Ann. 231; McKenzie v. Bacon, 40 La. Ann. 162, 4 So. 65; Dohan v. Dohan, 42 La. Ann. 452, 7 So. 569; St. Landry State Bank v. Meyers, 52 La. Ann. 1769, 28 So. 136."

But it is not the whole contract which is here sought to be enforced and it is not title to real estate which it is here sought to affect, but we are only concerned with that part of the contract by which the offeror agreed to pay commission to the real estate agent, and there was no necessity that such portion of the contract be in writing, as has been several times held by this court and by our Supreme Court. In Whatley v. McMillan et al., 152 La. 978, 94 So. 905, 906, the Supreme Court said:

"One of C. V. McMillan's defenses as part owner is that the agreement in question was not in writing, and that agreements relating to real estate must be in writing. They must be when they purport to affect the real estate, to transfer or incumber it, but the said agreement does not purport to do that. It affected the real estate in no way. It merely enlisted the personal services of plaintiff for a certain agreed-upon consideration, and therefore did not need to be in writing."

In Jacobs v. Curso, No. 9128, Court of Appeal, Parish of Orleans, Opinion Book 64 (unreported (see Louisiana and Southern Digest)), we said:

"But two decisions of this court have said that authority to sell immovables may be conferred and proven by parole when the object is not to prove title but only to show employment and to recover a commission for effecting a sale."

In Fellman v. Mrs. Sporl, No. 7942, Court of Appeal, Parish of Orleans, Opinion Book 57 (unreported (see Louisiana and Southern Digest)), appears the following:

"But parole evidence is admissible to establish a contract to pay compensation for securing a purchaser of real estate. Houston v. Boagni, 1 McGloin, 164. And the reason is that the subject matter of such contract is personalty (money compensation for services); parole evidence being inadmissible as to real estate only when the offer of the evidence is for the purpose of affecting the title to such real estate. Bernheim v. Pessou, 143 La. 609, 613 (79 So. 23); Bellocq v. Gibert, 36 La. Ann. 565, 568."

See, also, Freed Realty Co., Inc., v. Deneve, No. 9377, Court of Appeal, Parish of Orleans, Opinion Book No. 65 (unreported (see Louisiana and Southern Digest)).

That title to realty is not involved in a situation where neither the proposed purchaser nor the owner seeks the enforcement of the contract was held by our Supreme Court in Villemeur v. Woodward, 171 La. 831, 132 So. 361. Since it was not necessary that the authority given by Inez and Georgia Landry to Smith be in writing, it becomes necessary to carefully examine the record to determine whether there can be found therein sufficient oral proof that such authority was given. The direct evidence on the question is much in conflict, but the production by the Landrys of the $800 and their acquiescence in the depositing by Smith of this sum is strongly corroborative of his testimony that they did so authorize him. Their explanation that they permitted the deposit to be made, believing that it was in connection with the offer which they say they signed on June 14th, cannot be accepted in view of the very convincing evidence that no such second offer was made, and because of the admission several times repeated by one of the sisters that, prior to June 14th, she was aware of the fact that the offer had been made by Smith. Other evidence leads to the inevitable conclusion that there was no contract of June 14th and that on that day both plaintiffs were aware of Smith's former offer on their behalf.

The district court rendered judgment

against plaintiffs and in favor of Smith and against plaintiffs and in favor of Voelkel, and also rendered judgment in favor of plaintiffs and against Blache for $800, and in Blache's favor in reconvention for $488, $390 of which represented commission to which he was held to be entitled, and the balance, $98, represented attorney's fees allowed by the court for legal services in the court below. We believe that to the amounts allowed to Blache should be added $100 to compensate him for legal services rendered in this court and for which he is responsible, and that, instead of rendering judgment for the full $800, subject to a claim for reconvention, it would be better to render one judgment in favor of plaintiffs for $212, the balance due them by Blache, after deducting the amounts to which he is entitled.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of defendant Frank B. Smith and defendant Michael Voelkel, and against the plaintiffs, Inez Landry and Georgia Landry, rejecting the demands of plaintiffs and dismissing their suit as against Smith and Voelkel at the cost of plaintiffs.

It is further ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiffs, Inez Landry and Georgia Landry, and against the defendant J. Henry Blache, in the sum of $212, with legal interest thereon from date of judicial demand.

It is further ordered that all costs of these proceedings not herein otherwise provided for be paid by J. Henry Blache.

As thus amended the judgment is affirmed.