## HAMILTON v. GLASSELL.
### No. 6343.

Circuit Court of Appeals, Fifth Circuit.
April 21, 1932.

Joseph B. Crow, of Shreveport, La., for appellant.

L. Percy Garrot, of Shreveport, La., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Ernest H. Hamilton, a citizen of Texas, sued A. C. Glassell, a citizen of Louisiana, at law in the United States court in Louisiana for damages for breach of contract. An exception for no cause of action was sustained, and Hamilton appeals. The petition sets forth a signed letter in which Glassell agreed to drill an oil well on a block of 12,000 acres of land near Pritchitt, Upshaw county, Tex. The writing did not state any consideration for the promise, nor that Glassell was to do more than drill a well. It is alleged, however, that the oral agreement was that Hamilton should procure oil and gas leases on the land, and Glassell should take them over as soon as acquired, and not only drill the well but "checker-board" the block, and in consideration of Hamilton's services transfer to him one-half the acreage so dealt with; and that later the amount of land was orally reduced to 5,000 or 6,000 acres. Hamilton got leases on approximately 7,500 acres and tendered them to Glassell. Glassell declined to take them and to proceed with the enterprise. Damages are claimed by Hamilton for his outlay in cash, for the value of his time, and the value of his half-interest in the leases. The exception was sustained on the ground that the contract alleged was one for a sale of an interest in lands and not provable by parol evidence.

Oil and gas leases are considered in Texas to be interests in land within the Texas statute of frauds (Rev. St. 1925, art. 3995). Priddy v. Green (Tex. Civ. App.) 220 S. W. 243; Gatewood v. Graves (Tex. Civ. App.) 241 S. W. 264. They are likewise immovable property in Louisiana. Noble v. Plouf, 154 La. 430, 97 So. 599; Shaw v. Watson, 151 La. 893, 92 So. 375; Hanby v. Texas Co., 140 La. 189, 72 So. 933; Rives v. Gulf Refining Co., 133 La. 178, 186, 62 So. 623. When it plainly appears on the face of a pleading that parol evidence is relied on where a writing is necessary, a demurrer or exception based on that point will be sustained. Randall v. Howard, 2 Black, 585, 17 L. Ed. 269; Lyons v. American Cigar Co., 121 La. 593, 46 So. 662. It is not alleged where the contract here in question was made, but, since it concerns Texas land and could have been performed only in Texas, the parties must have looked to the law of Texas as governing their relations under it. Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104. By the same authority questions touching its validity and construction are to be solved by the law of Texas, but questions relating to the remedy upon it are regulated by the law of the forum, in which the remedy is sought. The Texas statute of frauds is worded like the English statute in defining its operation: "No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized." Contracts for the sale of real estate are included. The contract is thereby not required to be made in writing but a writing available at the time of suit is enough. The parol contract is not outlawed, but a remedy by action is denied until written proof can be produced. Priddy v. Green (Tex. Civ. App.) 220 S. W. 243; Edwards v. Old Settlers' Ass'n (Tex. Civ. App.) 166 S. W. 423. By the weight of authority a statute so worded does not affect the legality and validity of the contract, but only the evidence by which it must be proved. Heaton v. Eldridge, 56 Ohio St. 87, 46 N. E. 638, 36 L. R. A. 817, 60 Am. St. Rep. 737; Boone v. Coe, 153 Ky. 233, 154 S. W. 900, 51 L. R. A. (N. S.) 907. The Texas statute therefore cuts no figure in the Louisiana forum.

The statute of Louisiana specially involved is Civil Code, art. 2440: "Except as provided in article 2275, every verbal sale of immovables shall be null, as well for

third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted." The exception in article 2275 is that such sale shall• be good between the parties if the defendant confesses·it when interrogated on oath, provided actual delivery has been made of the property sold. In the case at bar it is not alleged that possession of any of the land involved was delivered or accepted, nor is there· any proposal to interrogate the defendant. The exception, therefore, does not apply. Verbal sales not within the exception are very emphatically declared to be null, and additionally as an administrative regulation it is commanded that testimonial or parol proof shall not be admitted. The statute includes executory promises as well as attempted conveyances. The early cases applying it were reviewed in Lyons v. American Cigar Co., 121 La. 593, 46 So. 662, and a petition which sought to recover for the breach of a partly verbal contract for the sale of an immovable was dismissed on exception. In Rubenstein v. Files, 146 La. 727, 84 So. 33, resort to interrogation of the defendant was had, but, that failing, the suit was ordered dismissed. ·Beside the purpose to give certainty to titles and contracts respecting immovable property in Louisiana, this statute involves also the same public policy as the English statute of frauds, to wit, the suppression of frauds and perjuries in the courts of the state, and their relief from tedious and expensive litigation, evils attending · the enforcement of parol contracts wherever made. Contracts made under the laws of another state or country, although provable there by parol, fail when a remedy is sought in a jurisdiction where this public policy prevails. Thus, when the statute of the forum requires only that the contract be proved by written evidence, parol evidence is to be rejected though sufficient in the jurisdiction where the contract was made and to be performed, Barbour v. Campbell, 101 Kan. 616, 168· P. 879; Heaton v. Eldridge, 56 Ohio St. 87, 46 N. E. 638, 36 L. R. A. 817, 60· Am. St. Rep. 737; Boone v. Coe, 153 Ky. 233, 154 S. W. 900, 51 L. R. A. (N. S.) 907; and also where the law of the forum deals not with the admissible evidence, but requires the contract if local to be in writing, in order to effectuate the policy of the local law enforcement of a parol contract though made under the law of another state which requires no writing is refused, Emery v. Burbank, 163 Mass. ·326, 39 N. E. 1026, 28 L. R. A. 57, 47 Am.

St. Rep. 456. Similarly on grounds of the policy of a local statute the testimony of a witness was rejected in the Louisiana court, though admissible in Mississippi, under whose laws the contract was made. Buckner v. Watt, 19· La. 216, 36 Am. Dec. 671. A federal court in Louisiana will apply upon the question here involved the law of Louisiana, just as a court of that state would do. D'Wolf v. Rabaud, 1 Pet. 476, 7 L. Ed. 227; Moses v. Lawrence County Bank, 149 U. S. 298, 13 S. Ct. 900, 37 L. Ed. 743. We apply it the more readily since the same results would be reached under the law of Texas if the case had been brought there. The suit is for damages for the breach of a contract mainly verbal. It was properly dismissed, but, since there may be some right in Hamilton to recover as for money laid out or for services rendered at the request of · Glassell, notwithstanding the failure of the main contract for want of written proof (25 R. C. L., § 367 et seq.), we will affirm the dismissal, but without prejudice to such right if any there be.

Modified and affirmed.